THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MITCHELL MILES, Appellant.

Argued October 22, 1942; decided December 11, 1942.

*William B. Mahoney* for appellant. The trial court erred in granting the motion of the District Attorney to add a fifth count to the indictment: counsel cannot waive constitutional rights of defendant. (*People* v. *Van Every,* 222 N. Y. 74; *People* v. *Johnson,* 104 N. Y. 213; *Matter of Bain,* 121 U. S. 1; *People* v. *Bromwich,* 200 N. Y. 385; *People* v. *Geyer,* 196 N. Y. 364; *Concemi* v. *People,* 18 N. Y. 128; *People* v. *Guidici,* 100 N. Y. 503.)

*Leo J. Hagerty, District Attorney (Maurice Frey* of counsel), for respondent. The addition of the new count was proper under the circumstances. (*People ex rel. Prince* v. *Brophy,* 273 N. Y. 90.)

LEWIS, J. The appellant is one of four defendants who were indicted by the grand jury of Erie county on four counts, the first three of which charged each defendant with having bribed three police officers on. *May 9, 1938.* These acts, it was charged, constituted part of a common scheme and plan by the defendants to contrive, draw and assist in a lottery in violation of section 1372 of the Penal Law. The fourth count charged each of the four defendants with contriving, drawing and assisting in a lottery on or about *May 3, 1938,* in violation of sections 1370 and 1372 of the Penal Law.

At the close of the People's case, the District Attorney moved, under section 295-j of the Code of Criminal Procedure, to amend the indictment to conform to the proof by adding thereto a new or fifth count. Counsel for the appellant interposed no objection and suggested no doubt either as to the power of the court to grant the motion or the wisdom of the exercise of such power. On the contrary he consented to such amendment and thereupon the trial court granted the District Attorney's motion and ordered the fifth count added to the indictment. It is important to note that the added fifth count, although following generally the language of the fourth count, charged the defendants with having contrived, drawn and

assisted in a lottery on *May 9, 1938* — a date six days subsequent to the date of the crime charged in the fourth count as returned by the grand jury.

The three defendants other than the appellant were acquitted on all five counts. The appellant was acquitted on the original first four counts but was found guilty on the added fifth count. The judgment convicting the appellant was affirmed unanimously by the Appellate Division and is here by permission of a member of this court.

We think that, in the circumstances disclosed by the record, the fifth count of the indictment added during the trial was void and that the trial court was thus rendered powerless to proceed to a verdict upon that count which embodied the sole charge upon which the jury returned a finding of the appellant's guilt.

It is a fundamental principle of our government that " No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, * * *." (U. S. Const., Fifth Amend.; and see N. Y. Const., article I, § 6.) By section 293 of the Code of Criminal Procedure the Legislature has authorized an amendment of an indictment (not a new count) when, upon the trial, there develops a variance between the allegations of the indictment and the proof in respect to time, or in the name or description of a place or thing. In the present case, however, the indictment was amended and the fifth count was added under the purported authority of section 295-j of the Code of Criminal Procedure which provides in part: " § 295-j. *When amendment allowed.* Upon the trial of an indictment, the court may, in its judgment, if the defendant cannot be thereby prejudiced in his defense on the merits, direct the indictment to be amended according to the proof, on such terms as to the postponement of the trial, to be had before the same or another jury, as the court may deem reasonable, by adding thereto new counts, where it is made to appear that the crimes to be charged therein relate to the transaction upon which the defendant stands indicted."

We are told by the District Attorney that by enacting section 295-j, *id.*, it was not the intent of the Legislature to permit a trial jury to find the defendant guilty of the crimes already charged in the indictment as well as the crime charged under the new or

additional count. It is said that the provisions of section 295-j are limited in their effect by permitting the addition of a new count only as " an alternative count in the indictment." If such was the Legislature's intent, as to which we make no determination, the record at hand affords conclusive proof that in this instance the new count, added by the amendment during the trial, was in no sense an alternative count and was not so considered on the trial.

In the charge to the jury and later when the jury was polled to ascertain its verdict, the added fifth count was dealt with, not as an " alternative count " but as an accusation of criminal acts which were independent of those presented by the grand jury under the first four counts. The change in the grand jury's indictment wrought by the amendment on the trial accused the appellant of a crime separately identified by the court for the jury's consideration as being independent of the remaining four counts. The date of the crime with which the appellant was charged by the added fifth count differed from the date of the crime charged in the fourth. As treated upon the trial and as considered by the jury such a change from the accusation by the grand jury did not relate to the *form* of the charge, nor to an inconsequential fact in the description of the offense. The change went to the substance of the accusation and was so treated at the trial. As such it was not an accusation by a grand jury as required by the constitutional provision quoted above. Nor did it, in our opinion, relate to the transactions upon which the defendant stood indicted, within the specific requirements of section 295-j of the Code of Criminal Procedure. " * * * if it be once held that changes can be made by the consent or the order of the court in the body of the indictment as presented by the grand jury, and the prisoner can be called upon to answer to the indictment as thus changed, the restriction which the Constitution places upon the power of the court, in regard to the prerequisite of an indictment, in reality no longer exists. * * *" (*Matter of Bain*, 121 U. S. 1, 13).

Nor did the consent by the appellant's trial counsel serve as a waiver of the appellant's rights and thus deprive him of his right thereafter to challenge the practice which had led to his conviction — though but for such consent the court might well have refused to adopt that practice and at the trial might have vindicated the right

of the appellant which has since been asserted only in the appellate courts. " * * * waiver is not permitted where a question of jurisdiction or fundamental rights is involved and public injury would result * * * In criminal prosecutions are involved public wrongs and public rights. The State has an interest in the lives and liberties of all within its boundaries even though some may be criminal. Accordingly, prosecutions must be conducted in substance and without essential change as the Constitution commands. A conviction otherwise obtained is a nullity." (*People ex rel. Battista* v. *Christian*, 249 N. Y. 314, 318, 319.)

We have not overlooked the rule of *People ex rel. Prince* v. *Brophy* (273 N. Y. 90), upon which the District Attorney relies. There it could fairly be said that a new count, which was suggested (p. 99) as one which might have been added by an amendment, came within the provisions of section 295-j, *id.*, as being related " to the transaction upon which the defendant stands indicted."

Upon the present record we cannot say that, by the additional fifth count formulated on the trial and which ultimately became the basis for the trial jury's finding of guilt, the appellant was not " thereby prejudiced in his defense on the merits " (§ 295-j, *id*). The indictment thus amended upon which the appellant was convicted was no longer an accusation by a grand jury.

The judgments should be reversed and the indictment dismissed.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY and CONWAY, JJ., concur; DESMOND, J., taking no part.

Judgments reversed, etc.