THE PEOPLE OF THE STATE OF NEW YORK ex rel. ADAM WACHOWICZ, Respondent, against WALTER B. MARTIN, as Warden of Attica State Prison, Defendant.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

Argued March 9, 1944; decided July 19, 1944.

*Nathaniel L. Goldstein, Attorney General (Orrin G. Judd and Wortley B. Paul* of counsel), for appellant. I. The sentence based upon the plea to attempted grand larceny in the second degree, was a valid conviction and the commitment thereunder cannot be interfered with. (*People ex rel. Prince* v. *Brophy,* 273 N. Y. 90; *People* v. *Scobie,* 257 App. Div. 854, 281 N. Y. 796; *People* v. *Rosen,* 251 App. Div. 584, 275 N. Y. 627; *People*

v. *Farley*, 252 App. Div. 811, 277 N. Y. 617; *People* v. *Resnick*, 21 N. Y. S. 2d 483; *People.* v. *Miller*, 143 App. Div. 251, 202 N. Y. 618; *People* v. *McDonnell*, 92 N. Y. 657; *People* v. *Miles*, 289 N. Y. 360; *Chicago Life Insurance Co.* v. *Cherry*, 244 U. S. 25; *Chicot County Dist.* v. *Bank*, 308 U. S. 371; *People ex rel. Carr* v. *Martin*, 286 N. Y. 27; *People ex rel. Bedell* v. *Foster*, 132 App. Div. 116; *Patton* v. *United States*, 281 U. S. 276; *People* v. *Cassidy*, 213 N. Y. 388; *Matter of Grae*, 282 N. Y. 428.) II. Relator cannot by writ of habeas corpus test the validity of the indictment and his plea of guilty thereunder. (*People ex rel. Prince* v. *Brophy*, 273 N. Y. 90; *People ex rel. Schneider* v. *Hayes*, 108 App. Div. 6; *People ex rel. Todak* v. *Hunt*, 153 Misc. 783, 243 App. Div. 859; *People* v. *Hammersmith*, 229 App. Div. 385; *People ex rel. Fryer* v. *Brophy*, 149 Misc. 562, 241 App. Div. 653; *People* v. *Giordano*, 114 Misc. 62, 231 N. Y. 633; *The People* v. *D'Argencour*, 95 N. Y. 624; *People ex rel. Krohn* v. *Thomas*, 133 Misc. 145; *People* v. *Miles*, 289 N. Y. 360.)

No appearance for respondent.

LEHMAN, Ch. J. The relator was indicted in January, 1941, by the Grand Jury of Erie County. In the first count of the indictment he was charged with " Burglary in the Third Degree, contrary to the Penal Law, Sections 400, 404 ", committed by feloniously breaking into and entering a dwelling house with intent to commit a crime therein. In the second count he was charged with " Buying, Receiving, Concealing or Withholding Stolen or Wrongfully Acquired Property, contrary to the Penal Law, Section 1308, in that he * * * knowing the same to have been stolen and appropriated wrongfully in such manner as to constitute larceny, feloniously bought, received, concealed and withheld property stolen from Edna Mueckl." Upon arraignment the relator pleaded not guilty but three months thereafter he withdrew his plea of not guilty and, in the presence if his counsel, pleaded guilty to " Attempted Grand Larceny 2nd degree on 2nd count of the indictment." Upon that plea he was convicted of attempted grand larceny second degree and on May 2, 1941, he was sentenced as a third offender to imprisonment for the term of not less than two years and six months nor more than **five years.**

A defendant " may be found guilty of any crime, the commission of which is necessarily included in that with which he is charged in the indictment." (Code Crim. Pro., § 445.) The crime of "Attempted Grand Larceny 2nd degree" of which the relator has been adjudged guilty upon his plea of guilty is not " necessarily included ·in that with which he is charged in the indictment ", nor would the court have power to amend the indictment, even with the relator's consent, to include the crime of grand larceny. (People·v. Miles, 289 N. Y. 360.)

" No person shall be held to answer for a capital or otherwise infamous crime * * * unless on indictment of a grand jury." (N. Y. Const., art. I, § 6.) Until the Grand Jury has found an indictment accusing a person of an infamous crime, no court has jurisdiction to try a charge otherwise made or to accept a plea of guilty. The Legislature cannot confer upon the courts jurisdiction which the Constitution commands shall not be exercised by the courts. Since the Constitution commands that no person may be held to answer for a felony " unless on indictment of a grand jury ", the Legislature cannot authorize a court to pronounce judgment convicting a person of an infamous crime upon the plea of guilty where no accusation has been made by a Grand Jury (People ex rel. Battista v. Christian, 249 N. Y. 314), nor may it authorize a court to amend an indictment to include an accusation of criminal acts independent of any accusations presented by the Grand Jury in the indictment. We need not now decide whether, by section 295 of the Code of Criminal Procedure, the Legislature intended to confer a power of amendment so broad. It could not do so. (People v. Miles, supra.) We are agreed that the trial court erred when it pronounced judgment upon the relator's plea of guilty of a crime not " necessarily included in that with which he is charged in the indictment."

The relator has challenged by writ of habeas corpus the lawfulness of his detention under the sentence imposed upon him. The court at Special Term sustained the challenge, holding that the sentence was a nullity, and remanding the relator to the custody of the Sheriff, to be held under the indictment for burglary in the third degree and for criminally receiving stolen goods.

Two previous writs obtained by the relator for the same purpose and on the same ground had been dismissed, the court holding that the judgment is valid. The People of the State appealed from the order of Special Term in the third habeas corpus proceeding, holding the judgment invalid. The Appellate Division affirmed the order, two justices dissenting.

Though the judgment of conviction of the charge of attempted grand larceny is erroneous, the question remains whether it is a nullity and whether a person held thereunder may challenge the lawfulness of his detention by writ of habeas corpus. That question was not presented in *People* v. *Miles* (*supra*) for there the judgment finding the defendant guilty was challenged and was reversed on appeal from the judgment. In *People ex rel. Battista* v. *Christian* (*supra*), no criminal prosecution had been commenced by presentment or indictment of the Grand Jury and the court for that reason was forbidden by the Constitution to hold the relator to answer for *any* infamous crime and had no jurisdiction to pronounce judgment finding the relator guilty of any such crime. The judgment in that case was not based upon an erroneous judicial ruling in a pending judicial proceeding. It was based upon a ruling of a judge before whom no judicial proceeding was pending. Such a judgment is, of course, a nullity, and a person restrained thereunder is entitled to discharge upon the hearing of a writ of habeas corpus. Here the judgment is based upon a ruling by the court in a judicial proceeding which had been commenced by an indictment of the Grand Jury and which was pending in the County Court of Erie County when judgment was entered. The County Court of Erie County which pronounced sentence has general jurisdiction both of the crime charged in the indictment and of the crime of which the relator has been found guilty, and had jurisdiction of the person of the relator when he was arraigned upon that indictment and pleaded not guilty to the indictment, and when the relator withdrew that plea and offered to plead guilty to attempted grand larceny second degree under the second count of the indictment. In the judicial proceeding then pending the court was called upon to decide the question of law whether the commission of the crime of grand larceny is " necessarily included in that with which he [the relator] is charged in the indictment." The crime of grand larceny is not necessarily included, for some

essential elements of that crime are not essential elements in the crime charged, and the facts alleged in the indictment, though sufficient to constitute the crime charged therein, would not be sufficient to constitute the crime of grand larceny. An analogous question is presented where a defendant moves for arrest of judgment " on a plea or verdict of guilty " on the ground that the facts stated in the indictment do not constitute a crime. (Code Crim. Pro., §§ 331, 467.) Error there may be corrected by appeal, but the judgment entered upon an erroneous determination of a question of law by a court of competent jurisdiction is not a nullity, and may not be challenged by a writ of habeas corpus.

The infirmity inherent in a judgment based upon a verdict or plea where the indictment fails to state facts sufficient to constitute *any* crime is essentially the same as the infirmity inherent in a judgment based upon a verdict or plea where the indictment fails to state facts sufficient to constitute the *particular* crime of which the defendant has been found guilty. In both cases, the defendant has been held to answer for an infamous crime upon indictment found by a Grand Jury, and the court has jurisdiction of the person of the defendant and general jurisdiction of the crime of which the defendant was found guilty, and has jurisdiction to determine whether or not the indictment sufficiently charges that crime. In proper circumstances the County Court of Erie County would certainly have power to render the judgment under which the relator is restrained of his liberty and this court long ago has pointed out that a judgment of a tribunal " competent to render the judgment under some circumstances " bars from discharge in habeas corpus proceedings a person held by virtue of such judgment. (*People ex rel. Tweed* v. *Liscomb,* 60 N. Y. 559, 569; *People ex rel. Carr* v. *Martin,* 286 N. Y. 27; *Matter of Morhous* v. *N. Y. Supreme Court,* 293 N. Y. 131.)

In the case last cited, we have said that: " An appeal to a higher court is ordinarily the appropriate corrective process for error at the trial " (p. 140). No sufficient ground has been shown why an exceptional corrective process is required here. The relator was properly held to answer for the crime charged in the indictment. He sought and obtained the benefit that might

accrue to him from a finding of guilt of a crime connected with the same transaction, though not necessarily included in the crime charged in the indictment. The court had jurisdiction to determine whether in those particular circumstances it was authorized to render a judgment which it was certainly competent to render in some circumstances. Its judgment was not a nullity and the defendant who asked the court to render an erroneous judgment in a pending judicial proceeding may not thereafter when it suits his convenience, challenge the judgment by habeas corpus.

The orders should be reversed, the writ dismissed, and the relator remanded to the custody of the warden of Attica State Prison, Attica, New York.

DESMOND, J. (dissenting). The courts below gave relator an order of habeas corpus on his showing that he had been indicted for one crime but had pleaded guilty to an entirely different offense. From the record no one can say that the crime he admitted had anything to do with the facts pleaded in the indictment or whether or not the charge he was adjudged guilty of was based on any facts at all or just arbitrarily picked out of the air. The majority opinion in this court agrees that the trial court erred in taking a guilty plea to the crime of attempted grand larceny, second degree, as against an indictment charging the crime of criminally receiving or withholding stolen property. But that error, says the majority, was only an ordinary error, not one going to the fundamentals of jurisdiction and so not justifying the use of habeas corpus to correct it. We have held to the contrary, most recently in *People* v. *Miles* (289 N. Y. 360). There, referring to the amendment of an indictment at the trial, by consent, we said: " The change went to the substance of the accusation and was so treated at the trial. As such it was not an accusation by a grand jury as required by the constitution  *   *   * " (p. 363).

The whole *Miles* opinion makes it plain that this court intended to hold that the error in that case was a fundamental one. Following the language above quoted, there is in the *Miles* opinion an excerpt from the Supreme Court's famous pronouncement in *Ex Parte Bain* (121 U. S. 1) which, in unmistakable terms (see *Bain* opinion at p. 13), brands it a violation of the

Federal Constitution for a trial court to make a change of substance in an indictment as found by the Grand Jury (to the same effect, see 1 Bailey on Habeas Corpus, page 126). Indeed, we could not have reversed the judgment of conviction in *People* v. *Miles* unless we had held the error to be fundamental since there was in the record no exception to the trial court's ruling permitting the amendment, but, instead, a consent thereto by defendant Miles. Only when the error amounts to a disregard of fundamental rights may we overlook the absence of an exception. (*People* v. *McLaughlin*, 291 N. Y. 480, 483.)

The holding of the *Miles* case that an amendment by the trial court of an indictment so as to charge a different crime, is, even when consented to by the defendant, a violation of the Constitution, is in accord with the old case of *People* v. *Campbell* (4 Park. Cr. Rep. 386, 387) referred to in *Ex Parte Bain* (*supra*) and in *People of the State of N. Y.* v. *Dohring* (59 N. Y. 374, 380). The position of the present relator, Wachowicz, is much stronger than was that of Miles, since the indictment against Wachowicz was never amended or sought to be amended, so as to charge the crime of attempted grand larceny. This case is the plainest possible one of an indictment for one crime and a judgment of conviction of an entirely different crime. What more need relator show?

The majority hold that there was all requisite jurisdiction in the trial court to pronounce the judgment against relator, since that court had acquired jurisdiction over his person by means of the indictment and had general subject matter jurisdiction over the crime of which he was sentenced. If that be jurisdictional sufficiency, then there never can be fundamental error in convicting a man of one crime though indicted for a different crime, so long as the court has general criminal jurisdiction. In other words, it can never be a jurisdictional error to convict a defendant of any indictable offense described in the Penal Law, so long as there be an indictment charging any other indictable offense. I think a criminal judgment, to be jurisdictionally valid, must have the support of an indictment charging the crime adjudged, or a higher degree thereof, or a crime necessarily involving the crime on which sentence is imposed. The judgment, as in every law suit, must be responsive to an issue raised by the pleading. (1 Bailey on Habeas Corpus, pp. 83, 638.)

Besides jurisdiction of person and subject matter, the court must have, says Brown on Jurisdiction (see §§ 84 and 110), " authority to render the particular judgment ". If not, habeas corpus is the remedy. (*People ex. rel. Liss* v. *Supt. of Women's Prison,* 282 N. Y. 114, 119). " So the writ lies ", (29 C. J., p. 44), " where  *  *  * petitioner is convicted of an offense not charged or included in the indictment, information or complaint. "

" It matters not what the general powers and jurisdiction of a court may be; if it act without authority in the particular case, its judgments and orders are mere nullities, not voidable, but simply void, protecting no one acting under them, and constituting no hindrance to the prosecution of any right " (*People ex rel. Tweed* v. *Liscomb,* 60 N. Y. 559, 568). " Jurisdiction of the subject-matter is the power lawfully conferred to deal with *the general subject involved in the action* " (*Hunt* v. *Hunt,* 72 N. Y. 217, 230, emphasis supplied). I agree that only radical jurisdictional defects justify the use of habeas corpus, but I am convinced that we are faced with just such a defect here.

It is urged that the only available remedy was by appeal from the judgment of conviction. But one who pleads guilty may not appeal unless the judgment is totally void, and if it be void, then he is entitled to habeas corpus.

Relator's plea of guilty, while it was in fact a consent that he be sentenced for the crime for which he had not been indicted, could not be an effective waiver of his constitutional rights. It could not " authorize a substantial change in its fundamental mode of proceeding ". (*The People* v. *Guidici,* 100 N. Y. 503, 508; see *Cancemi* v. *The People,* 18 N. Y. 128, 136.)

This particular relator does not deserve sympathy. Having made a bargain with the prosecutor and the court, he refuses to abide by it. But if " the great writ of habeas corpus has been for centuries esteemed the best and only sufficient defense of personal freedom " (*Ex parte Yerger,* 8 Wall. [U. S.] 85, 95), then a restriction of its scope is a matter fraught with dangers most grave. The orders should be affirmed.

RIPPEY, LEWIS and THACHER, JJ., concur with LEHMAN, Ch. J.; DESMOND, J., dissents in opinion in which LOUGHRAN and CONWAY, JJ., concur.

Orders reversed, etc.