In the Matter of FRANK S. HOGAN, as District Attorney of New York County, Respondent, against SUPREME COURT OF THE STATE OF NEW YORK, BRONX COUNTY, et al., Respondents, and MAX KATZ et al., Appellants.

Argued November 27, 1945; decided January 17, 1946.

*Frank J. Walsh* for appellants. I. The writ of habeas corpus is the only remedy available to the prisoners. (*Matter of Morhous* v. *N. Y. Supreme Court,* 293 N. Y. 131; *Matter of Lyons* v. *Goldstein,* 290 N. Y. 19.) II. The Court of Special Sessions of the City of New York is an inferior criminal court of limited

jurisdiction possessing no inherent general powers. It is not a court of continuing character and no statute confers upon it the right to interfere with its final judgment after imprisonment has attached and the term of court has expired and the court itself has separated. (*Anspach* v. *Rider,* 249 App. Div. 916; *People ex rel. Starks* v. *Batten,* 49 Hun 606; *People* v. *Kraft,* 229 App. Div. 281; *People ex rel. Frank* v. *McCann,* 253 N. Y. 221; *People ex rel. Stumpf* v. *Craig,* 79 Misc. 98; *People* v. *Mittleman,* 150 Misc. 394; *People ex rel. Hubert* v. *Kaiser,* 150 App. Div. 541; *People* v. *Foote,* 144 Misc. 134.)

*Frank S. Hogan, District Attorney* (*Whitman Knapp, David DuVivier* and *Sylvia Jaffin Singer* of counsel), for respondent. The Court of Special Sessions of the City of New York is a competent court of criminal jurisdiction and has inherent power to give relief against one of its own judgments alleged to have been procured by fraud. (*Matter of Morhous* v. *N. Y. Supreme Court,* 293 N. Y. 131; *Matter of Lyons* v. *Goldstein,* 290 N. Y. 19; *People* v. *Gersewitz,* 294 N. Y. 163; *Matter of Runk,* 200 N. Y. 447; *Sipperly* v. *Baucus,* 24 N. Y. 46; *Gibson* v. *Martin,* 8 Paige 481; *Proctor* v. *Wanmaker,* 1 Barb. 302; *Brick's Estate,* 15 Abb. Prac. 12; *Campbell* v. *Thatcher,* 54 Barb. 382; *People ex rel. Dunnigan* v. *Webster,* 14 Misc. 617, 1 App. Div. 631; *People* v. *Brown,* 153 App. Div. 234; *Matter of Latson,* 1 Duer 696.)

DESMOND, J. The appeal is from an Appellate Division order of prohibition, which restrains the Supreme Court from continuing to assume jurisdiction in habeas corpus proceedings brought by appellants Katz and Wexler. Katz and Wexler, imprisoned in the New York City penitentiary, sued out their habeas corpus writs on petitions which alleged that the sentences they are serving, imposed by the New York City Court of Special Sessions, were illegal, because, according to petitioners, they had been defrauded into pleading guilty. When those habeas corpus proceedings came on to be heard at Special Term of Supreme Court, the District Attorney moved to dismiss them. Citing *Matter of Lyons* v. *Goldstein* (290 N. Y. 19) and *Matter of Morhous* v. *N. Y. Supreme Court* (293 N. Y. 131), he made the point that redress for wrongs such as those complained of by Katz and Wexler could not be had through collateral

attack on the judgments of conviction in habeas corpus. The remedy, he urged, was by a motion to vacate, that is, by a " *coram nobis* " type application, addressed to the sentencing court itself, i.e., to Special Sessions. The motion to dismiss was denied at Special Term, that court holding that the rule announced in *Matter of Lyons* v. *Goldstein* and *Matter of Morhous* v. *N. Y. Supreme Court* (*supra*), was not applicable to attacks on judgments of conviction rendered by " inferior courts of criminal jurisdiction " like Special Sessions (see N. Y. Const., art. VI, § 18, and N. Y. City Crim. Cts. Act, § 2). Such courts, held Special Term, have no continuing jurisdiction after judgment and are not courts of record and so, the Special Term holding was, they, unlike criminal courts of record and of continuing jurisdiction, have no inherent or incidental power to revise and correct their judgments after the trial is over and judgment has been declared.

After the District Attorney's motion to dismiss the habeas corpus proceedings had been denied, he petitioned the Appellate Division for, and was granted, the order of prohibition here appealed from. We thus have the question of whether the New York City Court of Special Sessions has power, in an appropriate situation, to entertain and act upon a motion to it for a vacatur of one of its judgments on the ground that the judgment is void for fraud or similar reason. Such a court is not a court of record (Judiciary Law, § 2, *People ex rel. McGrath* v. *Supervisors*, 119 N. Y. 126, 130). It is true also, according to historic theory, that it is not a " court of continuing jurisdiction " (see *People* v. *Powell,* 14 Abb. Pr. 91, 93; *Matter of Anspach* v. *Rider,* 249 App. Div. 916). To some extent that historic concept is still true in fact as to the New York City Court of Special Sessions, since each part of such court consists of three justices whose assignments move them from group to group (see N. Y. City Crim. Cts. Act, § 14). But the New York City Special Sessions Court is, nonetheless, a court of original jurisdiction as to certain crimes (all misdemeanors except libel, N. Y. City Crim. Cts. Act, § 31; see, also, Code Crim. Pro., § 11), with full and complete power to dispose of such criminal causes. " Courts of Special Sessions act within a much narrower sphere than those which have the power to try graver causes of offenses, but within that restricted sphere have all the powers

incidental to the proper discharge of duty " (*People ex rel. Dunnigan* v. *Webster,* 14 Misc. 617, 619, affd. 1 App. Div. 631). One of the incidental powers which every competent court needs, and must have, to carry out effectually its specific statutory powers, is the power to strike from its records judgments which are void for fraud, not merely erroneous in law (*Furman* v. *Furman,* 153 N. Y. 309, 314; *Gumbel* v. *Pitkin,* 124 U. S. 131, 144; *Arkadelphia Co.* v. *St. Louis S. W..Ry. Co.,* 249 U. S. 134, 146). It is an old, old principle that a duly constituted court, even in the absence of express statutory warrant, has the right " to exercise so efficient a control over every proceeding in an action as to effectually protect every person actually interested in the result, from injustice and fraud, and that it will not allow itself to be made the instrument of wrong, no less on account of its detestation of every thing conducive to wrong than on account of that regard which it should entertain for its own character and dignity " (*Baldwin* v. *Mayor &c. of New York,* 42 Barb. 549, 550, affd. 45 Barb. 359). Special Sessions courts, as to the criminal causes within their scope, need that power as much as do the courts of general criminal jurisdiction, such as those immediately dealt with in the *Morhous* and *Lyons* cases (*supra*) and in *People* v. *Gersewitz* (294 N. Y. 163).

That Special Sessions is not a court of record does not deprive it of power to entertain " *coram nobis* " applications. The distinctions between courts of record and not of record, do not answer the question at all. Back in the days when the Surrogate's Court was not one of record, its exercise of such incidental powers was frequently upheld (*Sipperley* v. *Baucus,* 24 N. Y. 46).

Nor should the theory, or the fact, that courts of Special Sessions are " noncontinuous " and become " *functus officio* " at the end of every case, leave them powerless, after judgment, to deal with frauds practised on them. Despite that lack of continuity, they could at common law (before the passage of Penal Law, § 2188, or Code Crim. Pro., § 470-a) suspend sentence (*People ex rel. Dunnigan* v. *Webster, supra; People ex rel. Forsyth* v. *Court of Sessions,* 141 N. Y. 288; 1 Bishop's Criminal Procedure [2d ed., 1872], § 1124). On the New York City Special Sessions Court there have in fact been conferred by statute several different kinds of authority to deal with offenders

after sentence (see for instance subdivisions 2, 4 and 8 of section 31, and sections 152 and 154 [as renum. L. 1933, ch. 746] of the N. Y. City Crim. Cts. Act). We do not, however, look to those statutes for the power herein declared but consider it to be lodged in the Special Sessions Court as an incident to its effective jurisdiction over certain crimes specified by the Legislature.

Finally, a holding that Special Sessions has no right to deal with such a matter by way of " coram nobis " would deprive these appellants of their constitutional rights to due process. The writ of habeas corpus they cannot use, since their convictions were by a court which had jurisdiction of their persons and of the crimes they were charged with, and power to declare the particular sentences meted out to them (see Morhous case, supra; also People ex rel. Carr v. Martin, 286 N. Y. 27, and People ex rel. Wachowicz v. Martin, 293 N. Y. 361). Due process is lacking unless some corrective process is available to them (Mooney v. Holohan, 294 U. S. 103, 112, 113; Morhous opinion, supra, 293 N. Y. at p. 135). A remedy there must be. The approach to it must be by the only visible route — by motions addressed to the sentencing court.

Neither party questions the propriety of using a prohibition proceeding as the method for bringing the present dispute before the Appellate Division.

The order appealed from should be affirmed, without costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, THACHER, DYE and MEDALIE, JJ., concur.

Order affirmed.