THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOSEPH PATERNO, Defendant.

County Court, Erie County, March 20, 1946.

*Ralph Saft* for defendant.

*Leo J. Hagerty, District Attorney* (*Maurice Frey* of counsel), for plaintiff.

WARD, J. This is a motion for an order: " (1) Vacating and setting aside an erroneous conviction of the defendant herein on the 14th day of April, 1937, of the crime of Attempted Grand Larceny 2nd Degree; (2) for leave to withdraw the defendant's plea of guilty and to interpose a plea of not guilty; (3) for leave to plead de novo  *  *  *.''

Joseph Paterno was indicted by the grand jury of Erie County on October 30, 1936, for the sole indictable offense of criminally receiving stolen property, in violation of section 1308 of the Penal Law. Upon arraignment in County Court, he pleaded " not guilty ". On April 14, 1937, the then district attorney filed a recommendation with the County Court that the defendant be permitted to plead " guilty " to the crime of attempted grand larceny, second degree. The defendant so pleaded and was sentenced to Attica Prison for an indefinite term of not less than one year and three months and not more than two years and six months. The execution of this sentence was suspended and the defendant was placed on probation. No appeal was taken from this judgment, and on December 1, 1938, the defendant was discharged from probation.

On November 17, 1941, the defendant was indicted by a grand jury in Chautauqua County for the crime of robbery in the first degree. He pleaded guilty to robbery in the second degree in the County Court of that county. An information was filed against him, by the district attorney of Chautauqua County, charging him with being the same person convicted of the crime of attempted grand larceny, second degree, in Erie County on April 14, 1937. He admitted that he was the same person, and

as a second felony offender was sentenced to Attica Prison for a term of not less than fifteen years nor more than thirty years. This judgment was placed in execution.

Thereafter followed a series of applications and motions, the dates of which are significant.

On September 10, 1943, he moved in the County Court of Chautauqua County for an order to correct the information filed accusing the defendant of being the same person convicted in Erie County on April 14, 1937. The motion was denied (*People* v. *Paterno,* 182 Misc. 491).

November 22, 1943, the defendant applied for relief from imprisonment by a writ of habeas corpus to the County Court of Wyoming County, challenging the validity of the Erie County judgment of conviction. The writ was dismissed, but the relator was remanded to the custody of the sheriff of Chautauqua County for resentence as a first offender upon the determination by the County Court of Wyoming County that the Erie County judgment was invalid. This order was entered on January 8, 1944, undoubtedly on the authority of the *People ex rel. Wachowicz* v. *Martin* (267 App. Div. 803), decided December 30, 1943, by the Appellate Division of the Supreme Court, Fourth Department, but subsequently reversed in *People ex rel. Wachowicz* v. *Martin* (293 N. Y. 361), hereinafter referred to.

The County Judge of Chautauqua County resentenced Paterno as a first offender to time already served, a period of about two years. From the above order of the Wyoming County Court the People and the Warden of Attica Prison appealed. On November 22, 1944, the now famous case of *People ex rel. Wachowicz* v. *Martin* (293 N. Y. 361, *supra*), having been decided by the Court of Appeals on July 19, 1944, the Appellate Division of the Fourth Department (268 App. Div. 956) reversed the order of the County Judge of Wyoming County so far as appealed from and remanded the relator to the custody of the Warden of Attica Prison for the reasons stated in the court's memorandum in the *Tracher* case (*People ex rel. Tracher* v. *Martin,* 268 App. Div. 955). In that case the court said (p. 956): "We think we are precluded from considering these questions by the decision of our Court of Appeals in *People ex rel. Wachowicz* v. *Martin* (293 N. Y. 361), which held, in substance, that the validity of the judgment of conviction, under the circumstances, could not be challenged by habeas corpus." No appeal was taken.

The relator being remanded thereby, the original sentence of the County Court of Chautauqua County was reinstated.

Then, on the 11th of September, 1945, the defendant again moved the County Court of Chautauqua County to correct the information on the ground that the Erie County judgment was erroneous. This motion was denied.

Now, finally, and on the 27th day of December, 1945, there comes this present motion before this court.

As to the matter before this court, it should be kept clearly in mind that this motion is not an application for relief by way of habeas corpus. That a writ will not lie herein is not to be questioned (*People ex rel. Wachowicz* v. *Martin,* 293 N. Y. 361, *supra,* hereinafter referred to as the *Wachowicz* case). Also, it must be kept in mind that this defendant is not now, nor ever has been, confined by virtue of the judgment of the Erie County Court pronounced July 16, 1937, except so far as the conviction thereunder constituted a first felony offense, so as to require a mandatory increased punishment. (Penal Law, § 1941, as amd. by L. 1920, ch. 571, § 2; L. 1926, ch. 457, § 1; L. 1936, ch. 70, § 1; L. 1936, ch. 328, § 6, eff. April 9, 1936.)

In the *Wachowicz* case (*supra*) the defendant pleaded guilty to attempted grand larceny, second degree, to a count in the indictment accusing him of the crime of criminally receiving stolen property. The Court of Appeals held: " The crime of grand larceny is not necessarily included, for some essential elements of that crime are not essential elements in the crime charged, and the facts alleged in the indictment, though sufficient to constitute the crime charged therein, would not be sufficient to constitute the crime of grand larceny." (293 N. Y. 361, 365–366, *supra.*) The court also held that there is no statutory authority permitting the court to amend the indictment to include an accusation of criminal acts independent of any accusation presented by the grand jury in the indictment, citing *People* v. *Miles* (289 N. Y. 360), decided December 11, 1942, in which case such an amendment had been allowed by the trial court on motion of the People and with the consent of the defendant. The court therein determined that the indictment thus amended and upon which the appellant was convicted was no longer an accusation by a grand jury. Thus the defendant had been deprived of the rights granted to him by section 6 of article I of the Constitution of the State of New York, that, " No person shall be held to answer for a capital or otherwise infamous crime * * * unless on indictment of a grand jury * * * ."

In the *Wachowicz* case (*supra*), by a sharply divided court, it was held that although the crime of attempted grand larceny, second degree, is a crime not necessarily included in that charged in the indictment, namely, criminally receiving stolen property, the court had general jurisdiction both of the crime charged in the indictment and of the crime to which the defendant had pleaded guilty, and had jurisdiction of the defendant upon his arraignment and plea and in proper circumstances the trial court would have had power to render the judgment therein. It was held that the trial court erred in its determination of the question of law when it ruled that a plea of attempted grand larceny, second degree, was a proper plea to an indictment charging criminally receiving stolen property. Thus, although the judgment was erroneous, the court had jurisdiction and the judgment was not a nullity and habeas corpus would not lie.

The judgment in the motion before this court is erroneous, although not a nullity, and habeas corpus will not lie.

Thus, one of the greatest remedies for relief from imprisonment known to the English, United States or New York State law is not available to this defendant.

Did he ever have or has he now any relief from such an erroneous judgment?

It is urged by the People that the defendant should have moved in arrest of judgment or taken an appeal. As to both of these, it should be borne in mind that this judgment was entered on a guilty plea and that both of these are inconsistent with such a plea. Also, prior to the *Wachowicz* case (*supra*) the law seems to have been accepted by both prosecution and defendant's attorneys that a plea to attempted grand larceny, second degree, was a proper plea to an indictment charging criminally receiving stolen property. The *Wachowicz* case (*supra*) established the law to the contrary.

A motion in arrest of judgment would not lie under section 331 of the Code of Criminal Procedure (L. 1881, ch. 442). That section limits such motions to a plea of *not guilty*. Nor would the defendant have prevailed in such a motion by section 467 of the Code of Criminal Procedure, for although this section permits such a motion " on a plea or verdict of guilty," one can succeed only if he can establish one of the grounds in section 331 of the Code of Criminal Procedure, in this instance, the jurisdiction of the court over the subject of the indictment, or that the facts stated do not constitute a crime. In the *Wachowicz* case (*supra*) the court determined that the trial court had jurisdiction over the subject of the indictment and

that the facts stated did constitute a crime. While the court in the *Wachowicz* case (*supra*) indicates that had the motions been made as provided in sections 331 and 467 of the Code of Criminal Procedure, an appeal would have been the proper manner of correcting error on the part of the trial court, it is obvious that in the present condition of the law as determined by the *Wachowicz* case (*supra*) the appellant could not have prevailed.

That leaves for consideration the question of appeal from the judgment itself, as provided by section 515 of the Code of Criminal Procedure (as amd. by L. 1884, ch. 372, § 1, eff. May 28, 1884) which states, " and hereafter the only mode of reviewing a judgment or order in a criminal action or proceeding, or special proceeding of a criminal nature, is by appeal."

In *Matter of Morhous* v. *N. Y. Supreme Court* (293 N. Y. 131, 140), the court said: " An appeal to a higher court is ordinarily the appropriate corrective process for error at the trial and appearing in the record  *  *  *." In that case a trial was had. That an appeal will not lie to a plea of guilty seems to be the determination of the court in *People* v. *Wright* (263 App. Div. 1020). There the defendant had pleaded guilty to robbery in the first degree and assault, second degree. He appealed from the judgment of conviction and from an order of the County Court denying his motion to set aside the convictions on the ground of newly discovered evidence. The Appellate Division, after affirming the order of the County Court of Monroe County, concluded its memorandum by the court as follows: (1) No power to grant the defendant's motion in any phase is resident in the County Court. (2) Appeal from judgment dismissed, as no appeal lies therefrom. As to the ruling of the court in (1), this case was decided before *Matter of Lyons* v. *Goldstein* (290 N. Y. 19), to be referred to herein at some length below. It would seem that the court held in (2) that no appeal would lie to a judgment of conviction entered upon a plea of guilty.

The statement of the writer in the very learned dissenting opinion in the *Wachowicz* case (*supra*) is illuminating in this respect, wherein he says at page 369: " It is urged that the only available remedy was by appeal from the judgment of conviction. But one who pleads guilty may not appeal unless the judgment is totally void, and if it be void, then he is entitled to habeas corpus." The majority of the court held that the judgment was not void. On the authority of this case, the judg-

ment in the present case is not void, therefore, no appeal would have been available to this defendant on his guilty plea.

What other remedy has this defendant? The ancient writ of error *coram nobis* is not available, as this petitioner does not claim that his plea of guilty was induced by fraud.

It, therefore, appears that if this petitioner is to have any relief he must find it in this motion to vacate and set aside the erroneous judgment. That this court has power to grant such motions under certain circumstances is no longer to be questioned. In *Matter of Lyons* v. *Goldstein* (290 N. Y. 19), hereinafter referred to as the *Goldstein* case, it was held that (p. 25), " The inherent power of a court to set aside its judgment which was procured by fraud and misrepresentation cannot be doubted ". The court then cited *Furman* v. *Furman* (153 N. Y. 309) and *Matter of Holden* (271 N. Y. 212) and continuing said: " No logical distinction can be made between such power over judgments in civil cases and such power over judgments in criminal cases. There is nothing unique about a judgment or its execution in criminal cases which excepts it from the rules applicable to judgments generally and the inherent power of the courts with reference to them. The power was exercised in criminal cases at common law through the writ of error *coram nobis* ". The court, having previously discussed at some length section 337 of the Code of Criminal Procedure and section 2188 of the Penal Law, determined that section 337 did not preclude the court from allowing a withdrawal of a guilty plea after judgment, and that section 2188 did not apply to a judgment except in the circumstances set forth therein. In the present case, no consideration need be given to section 2188 of the Penal Law, as the defendant was never confined by virtue of the judgment and cannot be confined by the judgment now. It is also interesting to note that in the *Goldstein* case (*supra*) no consideration was given to the question of an appeal.

In *People ex rel. Hirschberg* v. *Orange Co. Ct.* (271 N. Y. 151, 155) it was held that there was nothing in the code to prohibit a court from exercising its inherent power to correct mistakes and errors in its judgments. Maybe the word " error " should not be given undue emphasis. However, it is the concern of this court to determine whether it has jurisdiction to correct an erroneous judgment, and such expression by the highest court of the State cannot be overlooked or lightly dismissed. It may be that the court was limiting its consideration to error by clerical mistakes and not error in law.

That the Court of Appeals did not consider the *Goldstein* case (*supra*) as limiting the circumstances in which a court of original jurisdiction has power to vacate its judgments is evident in *People* v. *Gersewitz* (294 N. Y. 163, 167) wherein the court said: " The court has nonetheless recognized, at the same time, that courts have always asserted and exercised authority which, though perhaps not expressly established by statute, is ' based upon the inherent right and duty of the courts to protect the citizen in his constitutional prerogatives and to prevent oppression or persecution.' ' It is a power,' the court said, ' which the legislature can neither curtail nor abolish, and, to the extent that legislative enactments are designed to effect either of these ends, they are unconstitutional.' * * * We have sanctioned the exercise of such a power by a court to correct its own record or to set aside an order or judgment which was induced by fraud or procured in violation of a constitutional right of a party. Perhaps that power can have no broader scope. No case has been presented to the court in which the court was called upon to define its exact limits, but in March, 1943, this court authoritatively decided (three judges dissenting) that a court of criminal jurisdiction has ' inherent ' power to set aside a judgment procured by fraud and misrepresentation and to permit a defendant to withdraw a plea of guilty induced by violation of his constitutional rights (*Matter of Lyons* v. *Goldstein,* 290 N. Y. 19), and in *Matter of Morhous* v. *N. Y. Supreme Court* (293 N. Y. 131), we held that a motion to vacate a judgment procured by violation of the defendant's constitutional rights is the corrective judicial process which is authorized by the law of the State to remedy the alleged wrong to the defendant and that it adequately meets the requirement of ' due process '."

The *Morhous* case (*supra*) just referred to held, among other things, that the present motion is the corrective judicial process to vacate a judgment procured by violation of the defendant's constitutional rights. The *Goldstein* case (*supra*) has been followed recently in *Matter of Hogan* v. *N. Y. Supreme Court* (295 N. Y. 92, 96, 97), wherein DESMOND, J., speaking for the court held: " That Special Sessions is not a court of record does not deprive it of power to entertain ' *coram nobis* ' applications ", and further, " Due process is lacking unless some corrective process is available to them (*Mooney* v. *Holohan,* 294 U. S. 103, 112, 113; *Morhous* opinion, *supra,* 293 N. Y. at p. 315). A remedy there must be. The only approach to it

must be by the only visible route — by motions adressed to the sentencing court.''

That this court is not without eminent companionship in its belief that the power of a court to vacate its judgments has not been limited by the *Goldstein* case (*supra*) is found in the remarks of the learned JOHN A. MULLEN, J., in *People* v. *Bertram M. Campbell* (Ct. of General Sessions, New York Co., Oct. 25, 1945), at the time he ordered a judgment of conviction against Campbell vacated and set aside. '' I do not believe that the Court of Appeals intended to limit the inherent power of this court over its judgment to cases involving fraud or misrepresentation on the part of an officer of the State depriving a defendant of due process of law. I' believe the Court of Appeals merely intended that in a case of that nature this court has inherent power over its judgment, but the Court of Appeals did not by any means, as I read the case, decide that this court had not the same inherent power over its judgment in certain other cases. The Court of Appeals did not say what other cases it might apply to, but it certainly did not say that it could not apply to any other type of case, even though in the *Gersewitz* case it said it may not. We know that the Court of Appeals in those cases had before it only the facts in the case upon which it was passing.''

This court does not agree with the conclusion of Justice MULLEN in his reference to the *Gersewitz* case (*supra*), as appears from the interpretation of that case set forth above. The above determination by Justice MULLEN was not appealed, as no appeal lies to a motion to vacate a judgment. (*People* v. *Gersewitz*, 294 N. Y. 162, *supra*.)

There can be no doubt that this defendant was deprived of the rights guaranteed to him by article I, subdivision 6, of the Constitution of the State of New York. He was indicted for criminally receiving stolen property. He was convicted of attempted grand larceny, second degree, a crime the commission of which is not necessarily included in that with which he is charged in the indictment, nor a crime of a degree inferior to that charged in the indictment, nor an attempt thereof. He was, therefore, convicted without due process of law. That the court had jurisdiction as determined in the *Wachowicz case* (293 N. Y. 361, *supra*) is not important. Due process may well be lacking, although jurisdiction exists. In the *Wachowicz* case (*supra*) the relator sought relief by habeas corpus. The court held that habeas corpus would not lie. This is a motion to vacate an admittedly erroneous judgment, whereby the defendant had

been deprived of the rights guaranteed by the Constitution of the State. He has no other relief than this motion. If this be denied to him, he has been deprived of due process. There is no statutory prohibition to the granting of this order, and this court in attempting to correlate the cases on the subject is constrained to believe that the law is leading to the ultimate determination that a court has inherent power to grant a motion to vacate and set aside its own criminal judgment at any time thereafter, upon its determination that the judgment is erroneous and that its entry has deprived the defendant of rights guaranteed to him by the Constitution, and there is available to the defendant no other remedy.

This petitioner stands before this court without favor. There is nothing in his conduct to merit sympathy or consideration. Questions of law, however, must not be determined by favor or prejudice. The argument of the People that to grant this relief after so long a time would work a hardship on the People in gaining a conviction is without merit. The People are not without fault in making a recommendation to the court in this matter. If the People were able to convict the defendant of the crime charged in the indictment, the duty rested on the district attorney to proceed to present the accusation as found by the grand jury forthwith. If a bargain was made, both sides bargained. The argument of the People that many similar applications may be made to the courts if this motion is granted has no persuasive value. To the contrary, if this defendant is entitled to relief by this motion, others similarly situated may be equally entitled. It is further urged upon this court that it should proceed with great care and caution in arriving at a determination favorable to this petitioner, as the order of the court is not appealable.

That the determination herein have the benefit of review, this court urges the District Attorney of Erie County or the Attorney-General of the State to proceed against this court by writ of prohibition or otherwise, and to that end the signing and entry of the order herein will be withheld until the 30th day of March, 1946.

The motion is granted. Prepare and submit order accordingly.