Harris, J.
By resort to. the provisions of article 78 of the Civil Practice Act, the petitioner-respondent herein, as Commissioner of Correction of the State of New York, has secured an order in the nature of prohibition, restraining the County Court of Erie County and one of its judges from proceeding further on the application of Joseph Paterno, respondent-appellant herein, which application, addressed fo the County Court of Erie County, asks that court and a judge thereof to permit the said Paterno to withdraw a plea of guilt and to be permitted to plead anew to an indictment. Paterno became a party to this proceeding by his answer to the petition of the Commissioner of Correction.
A Grand Jury of the County Court of Erie County, at the October, 1936 Term of such County Court, returned an indictment against Paterno, accusing Paterno of the following crime: “ Buying, receiving, concealing and withholding property, knowing the same to have been stolen or appropriated wrongfully in such manner as to constitute larceny, contrary to the Penal Law, Section 1308, in that he, the said Joseph Paterno on or about the 5th day of October, 1936, at the City of Tonawanda, in this County, feloniously bought, received, concealed and withheld property stolen from Charles M. Rosen, doing business under "the assumed name and style of Arcade Jewelry Shop.” Paterno was arraigned in the County Court on the 10th day of November 1936, plead not guilty to the indictment, and subsequently on the 14th day of April, 1937, with the consent of the District Attorney of Erie County, in such County Court plead to such indictment guilty to the crime of attempted grand larceny, second degree. On July 16,1937, judgment and sentence of the court was pronounced on such plea.. The sentence was to a State prison for not less than one year and three months, and not, more than two years and six months. The execution of such sentence was suspended and the defendant placed on probation. He did not move in stay of judgment, and no appeal was taken from the judgment. Paterno did not *123 serve any portion of the sentence in a State prison, and on December 1, 1938, he was discharged from probation.
On November 17, 1941, Paterno was indicted by a grand jury in Chautauqua County for the crime of robbery in the first degree. He was permitted to plead guilty to robbery in the second degree in the County Court of that county. The District Attorney of Chautauqua County, prior to his sentence on this robbery conviction, filed an information against him charging him with being a second felony offender because of the above-described plea to attempted grand larceny in the second degree in Erie County on April 14, 1937. He admitted being the same person and, as a second felony offender, he was sentenced to a State prison for a term of not less than fifteen years, nor more than thirty years. This judgment was placed in execution and he is now serving the sentence thereunder in a State prison. Intermediate the sentence in the Chautauqua County Court and the beginning of the present proceeding, the appellant has made various applications to be relieved from the effect of his plea to the crime of attempted grand larceny in Erie County, his objective being to avoid the penalty of being a second felony offender, which penalty was meted out to him in Chautauqua County as above stated. One of his applications was to correct the information laid by the District Attorney of Chautauqua County. This motion was denied. (People v. Paterno, 182 Misc. 491.) He then applied for an order of habeas corpus. This application was dismissed, but he was remanded to the custody of the sheriff of Chautauqua County for resentence as a first offender. From such resentence the People and the warden of the State prison appealed; on such appeal the order to resentence ®was reversed by this court on the authority of People ex rel. Wachowicz v. Martin (293 N. Y. 361) and the relator (Paterno) remanded to the custody of the warden of the State prison. From this reversal, no appeal was taken. Later the defendant again moved the County Court of Chautauqua County to correct the information, and such motion was denied.
On the 27th day of December, 1945, Paterno applied to the County Court of Erie County and a judge thereof for an order vacating the judgment entered upon his plea of guilty in Erie County in 1937, on the ground that the Erie County Court at that time improperly accepted a plea of attempted grand larceny, second degree, under an indictment for criminally receiving stolen property. This motion came on to be heard before the *124 Honorable Hamilton Ward, Jr., then a County Judge of Brie County (now a Justice of the Supreme Court of the State of Hew York); after argument and due consideration, the County Judge wrote an opinion stating that he was about to grant the motion of the appellant (Paterno) and would permit Paterno to withdraw his plea of April 14,, 1937, and make a new plea under the indictment for criminally receiving stolen property returned in the County Court of Erie County in October, 1936, under which indictment Paterno had previously plead guilty to the crime of grand larceny, second degree. At this point the proceeding now under review was begun on the application of the Commissioner of Correction of the State of Hew York. The Special Term of the Supreme Court of Brie County, in this proceeding, issued an order prohibiting the judge of the County Court of Erie County from vacating the judgment of the Brie County Court entered on the 16th day of April, 1937, and from taking any affirmative steps which would permit Paterno to withdraw his plea of April 14, 1937, on which judgment was pronounced July 16, 1937. Such prohibition and restraint were granted on the ground that any such steps or action taken by the County Judge would be in excess of the authority of the County Court of Brie County and of any judge thereof. (Civ. Prac. Act, art. 78, §§ 1283, 1284, subd. [4]; §§ 1287, 1290; see Matter of Lyons v. Goldstein, 290 N. Y. 19; People ex rel. Childs v. Extraordinary Trial Term, 228 N. Y. 463.)
The County Judge, as amicus curia, and the appellant Paterno here attack such order of prohibition and ask its reversal on the ground that the County Court and the judge thereof had the inherent power to grant the relief prayed for by Paterno on his motion in County Court,- and which relief the County Judge indicated he would grant to Paterno. The amicus curia and the appellant have argued at Special Term, and argue here, that the plea of guilt to the crime of attempted grand larceny second degree and the judgment entered thereon, was erroneous (see People ex rel. Wachowicz v. Martin, 293 N. Y. 361) and that Paterno’s constitutional rights were invaded by the entry of such judgment. They claim that the only remedy that Paterno has had, or has, is by the present motion; they assert that, having plead guilty, he never could have had relief from such judgment by a motion to vacate the same, or by appeal. Habeas corpus has not been, and is not, available to Paterno. (Matter of Morhous v. New York Supreme Court, 293 *125 N. Y. 131; People ex rel. Wachowics v. Martin, 293 N. Y. 361.) There is authority that both a motion in arrest of judgment (Code Crim. Pro., §§ 467-469) and the right to appeal (Code Crim. Pro., § 515) were both available to Paterno after his plea which is now under discussion. (People v. McDonnell, 92 N. Y. 657; Sherwin v. People, 100 N. Y. 351; Canizio v. New York, 327 U. S. 83.) He failed to make such a motion, and he did not appeal from the judgment. The time for him to have taken either of these steps has long ago passed. Paterno is now asking the County Court to exercise what is termed its “ inherent power ” in his behalf by a process corresponding to the procedure on coram nobis. This early English process (Jacques v. Caesar, 2 Saund. 100; 2 Williams’ Notes on Saunders, pp. 293-345) has recently been the subject of discussion in the appellate courts of this State and in recent years in courts of sister States (Matter of Hogan v. Court of General Sessions, 296 N. Y. 1; Matter of Hogan v. New York Supreme Court, 295 N. Y. 92; Matter of Lyons v. Goldstein, 290 N. Y. 19; Sanders v. State, 85 Ind. 318; George v. State, 211 Ind. 429; Jones v. Commonwealth, 269 Ky. 772; 18 C. J. S., Coram Nobis, p. 281; 24 C. J. S., Criminal Law, § 1606) and it has been determined that in a proper case such an application (coram nobis) is cognizable by the court of original jurisdiction. An analytic study of the origin and history of the remedy known as “ córam nobis ” shows that in both the English courts and the courts of the United States it was, and has been available only to correct an error of fact, which error of fact is exclusively within the knowledge of the court of original jurisdiction; and that the remedy of coram nobis will only be invoked and used where there is no other remedy available to a person sentenced to and held in prison in violation of his constitutional rights. Its office is to avoid the effect of a fraud on the court and the one accused of crime, which fraud deprived the accused of his basic right of a fair trial by an impartial jury. It lies in the court of original jurisdiction because there is deposited the knowledge of the facts pertaining to and surrounding the conviction. So closely has the use of this remedy (coram nobis) been restricted, that it is not available, even where no other remedy exists, to have set aside a plea on the ground of newly discovered evidence though such newly discovered evidence is unimpeached and goes to the essence of the guilt or innocence of the applicant. (Sanders v. State, 85 Ind. 318; George v. State, 211 Ind. 429; Jones v. Commonwealth, 269 Ky, 772.) We *126 have not here a situation that calls for the application of the remedy afforded by coram nobis. Here the appellant seeks to avoid a penalty placed on him by an error in law and not one of fact. Substantial errors of law prejudicial to a defendant, may be corrected on appeal; other errors of law need not be so corrected. (Code Crim. Pro., § 542.) Appeal from a judgment of conviction in this State does not lie as a matter of constitutional right but solely by legislative enactment.
The appellant herein in the County Court of Erie County, after his indictment, sought and received a favor. He was in no way compelled or coerced into pleading to the crime of attempted grand larceny in the second degree. His indictment was for a crime cognizable by the County Court, and he himself was under the jurisdiction of the court. It is true that the crime of attempted grand larceny, second degree is not necessarily included under a charge of criminally receiving stolen property (the then indictment against Paterno) (People ex rel. Wachowicz v. Martin, 293 N. Y. 361, supra) but one can conceive a set of facts under which one guilty of criminally receiving stolen property could be guilty of larceny in unlawfully withholding the stolen property from the owner thereof. (Penal' Law, § 1290; see People v. Vitolo, 271 App. Div. 959; 136 A L. R. 1091; and 2 Wharton on Criminal Law, §§ 1122, 1168.) It must be true that, of all the persons in the courtroom at the time of his plea, Paterno best knew whether or not he was guilty of the crime to which he plead, which crime grew out of, and was connected with the circumstances of the crime for which he was indicted. He chose to say that he was an actor in the crime which was the subject of the indictment, at least to the extent of having committed attempted grand larceny, second degree. An error of law there may have been when the court accepted his plea, but it was not such an error for which he now has a remedy. His plea is to be distinguished from that of the defendant in People ex rel. Battista v. Christian (249 N. Y. 314) where, in violation of his constitutional rights, the relator was arraigned without indictment, and from that of the defendant in People v. Miles (289 N. Y. 360) in which Miles case the defendant was tried on an amendment to the indictment, which amendment was in no way related by facts or time to the charges in the original indictment itself. The last two mentioned cases were examples, of violation of constitutional rights. Here, we have a mere error of law that was in no way harmful or prejudicial to Paterno. It *127 was an error of law of which he took advantage to his benefit. To say that correction of such an error must or should lead to the remedy sought by Paterno herein, would be to discard common sense and the ordinary proper administration of criminal law.
The order at Special Term, from which appeal is taken here, should be affirmed.
All concur. Present — Taylor, P. J., Dowling, Harris, McCurn and Love, JJ.
Order affirmed, without costs of this appeal to any party.