THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* WILLIE FORTSON, Respondent.

Third Department, December 30, 1958.

*Liston F. Coon, District Attorney,* for appellant.

*Henry M. Rebeck* for respondent.

FOSTER, P. J. This case presents a rather extraordinary situation which would commonly lead to the belief that the defendant was entitled to some relief but nevertheless we feel constrained to hold that relief cannot be obtained under the present proceeding. The County Court of Schuyler County has sustained a writ of error *coram nobis,* dismissed the indictment against the defendant for the crime of grand larceny first degree and set aside a judgment of conviction had thereon the 23rd day of June, 1954. It has ordered the defendant released and discharged from custody. The basis of the County Court's decision was to the effect that defendant did not understand-

ingly, competently and intelligently waive his right to counsel. From the order sustaining the writ the People have appealed.

The records of the committing Magistrate and the County Court indicate the following. On April 3, 1954 defendant was arraigned before a Police Justice in the Village of Watkins Glen upon an information charging him with stealing an automobile of the value of more than $500. He was informed of his right to counsel at every stage of the proceeding but waived examination. Thereafter he was indicted by a Grand Jury in the Supreme Court, at a term held for Schuyler County for the crime of grand larceny in the first degree. The indictment charged him in substance with stealing an automobile " of the value of $500." Obviously the indictment was defective because the value of the property was not stated to be more than $500 and hence did not charge the crime of grand larceny in the first degree (Penal Law, § 1294). It was sufficient of course to sustain a charge of grand larceny in the second degree (Penal Law, § 1296).

Defendant was arraigned on the indictment at a term of County Court held on June 8, 1954. The clerk's minutes clearly indicate that he was advised of his right to counsel and time to procure the same before pleading. However he waived such right and pleaded guilty to the crime as charged in the indictment. He also admitted that he had previously been convicted of grand larceny at Penn Yan, New York, in 1948. The court sentenced him as a second offender to imprisonment at Attica State Prison for an indeterminate term of not less than 5 nor more than 10 years. Under the Penal Law the punishment for grand larceny in the first degree is imprisonment for a term not exceeding 10 years; and for grand larceny in the second degree, a term not exceeding 5 years (§§ 1295, 1297). Under section 1941 of the Penal Law a second felony offender must be sentenced for an indeterminate term, the minimum of which shall not be less than one half the longest term prescribed upon the first conviction, and the maximum shall not be longer than twice such longest term. Thus, the sentence imposed upon defendant could have been imposed under the circumstances upon a conviction of grand larceny in the second degree; on the other hand the court could have imposed a minimum of two and one-half years if the conviction had been for that offense, and the maximum might have been less than 10 years.

Despite the foregoing we are of the opinion that the defendant is not entitled to relief in this proceeding. The rationale of the decision below is based upon the reasoning that defendant did not intelligently waive his right to counsel because he was

unaware of the insufficiency of the indictment. This seems to us to be somewhat of a *non sequitur*. If the District Attorney and the court failed to notice the defect in the indictment it must remain wholly in the field of speculation as to whether assigned counsel would have done so, but in any event the defect was an error of law appearing on the face of the record and therefore not reviewable in *coram nobis* (*People* v. *Eastman*, 306 N. Y. 358; *Matter of Hogan* v. *Supreme Court*, 295 N. Y. 92; *Matter of Morhous* v. *Supreme Court*, 293 N. Y. 131). The *Eastman* case is peculiarly analogous. There the parties agreed that the information was fatally defective and insufficient as a matter of law to support the conviction, nevertheless the Court of Appeals held that a writ of error *coram nobis* was not available as a remedy.

The order of the County Court should be reversed.

BERGAN, GIBSON and HEELIHY, JJ., concur.

Order reversed and writ of error *coram nobis* dismissed.