■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MATTHEW WALKER, Appellant, v. EDWARD M. FAY, as Warden of Green Haven Prison, Respondent.— In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Dutchess County, entered November 24, 1964, which dismissed the writ after a hearing, and remanded him to the custody of respondent. Judgment affirmed, without costs. Habeas corpus is not the proper remedy for testing the sufficiency of an indictment under the circumstances of this case (*People ex rel. Wachowicz* v. *Martin,* 293 N. Y. 361, 366). However, we have reviewed relator's contentions and find that the indictment is sufficient (*People* v. *Langford,* 16 N Y 2d 32). Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.

■ LILLIAN WEINBERG, as Administratrix of the Estate of HAROLD WEINBERG, Deceased, Respondent v. YOUNGS GAP HOTEL et al., Appellants.— In an action to recover damages for personal injury and for wrongful death, defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County, entered February 8, 1965, as denied their motion for a change of venue from Kings County to Sullivan County for the convenience of material witnesses. Order, insofar as appealed from, reversed, with $10 costs and disbursements, and motion to change the venue from Kings County to Sullivan County granted. Under all the circumstances, it was an improvident exercise of discretion for the Special Term to deny the motion to change the venue from Kings County to Sullivan County (*Colburn* v. *Brown,* 23 A D 2d 574; *Gerber* v. *B. C. R. Hotel Corp.,* 10 A D 2d 956; *Slavin* v. *Whispell,* 5 A D 2d 296). Nor do we find that the motion for change of venue was barred by laches. It was timely made. Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.

■

# (October 18, 1965)

■ DAVID ANTIS, by His Guardian ad Litem MAX ANTIS, et al., Appellants, v. RICHARD KLEIN et al., Respondents.— In an action to recover damages for personal injuries, plaintiffs appeal from an order of the Supreme Court, Queens County, entered April 30, 1965 on reconsideration, which adhered to the court's original decision denying their motion for a general preference in trial. Order reversed, without costs; motion granted; and general preference in trial directed to be accorded to this action. In view of the extent of the claimed special damages and of the medical affidavit and report establishing a 15% permanent partial disability in the use of the right knee and the fact that such claim is uncontroverted, it is our opinion that the jurisdictional monetary limitation of the Civil Court of the City of New York may preclude adequate recovery by the plaintiff in that court; hence, it was an improvident exercise of discretion to deny the application for a preference. Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.