(73 App. Div. 471.)

PEOPLE ex rel. TULLY v. FALLON, Warden of County Penitentiary of New York.

(Supreme Court, Appellate Division, First Department. June 20, 1902.)

HABEAS CORPUS — ILLEGAL IMPRISONMENT — AGE OF PRISONER — INQUIRY BY COURT — PRESUMPTION.

Pen. Code, § 291, subd. 6, provides that any child, actually or apparently under 16 years, convicted of a misdemeanor, shall be finally committed to some institution, and not to any penitentiary. On habeas corpus to release a person under 16 confined in a penitentiary on conviction of a misdemeanor, it did not appear that on his trial any proof was taken as to his age, or that any positive ruling was made on that subject. Held, that it would be presumed that the court inquired into petitioner's age, and its determination of the question could not be reviewed on habeas corpus.

Appeal from special term, New York county.

Habeas corpus proceedings by the people, on relation of Matthew A. Tully, against John A. Fallon, as warden of the county penitentiary of New York county. From an order dismissing the writ, relator appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, and LAUGHLIN, JJ.

G. J. Flanagan, for appellant.
H. G. Gray, for respondent.

PATTERSON, J. This appeal is from an order made at the special term dismissing a writ of habeas corpus, and remanding the petitioner to the custody of the warden of the county penitentiary of the county of New York. It appears by the record that, in the court of general sessions of the peace in the city and county of New York, Matthew A. Tully, the petitioner, was convicted of a misdemeanor, to wit, of petit larceny, on his own confession, and he was sentenced to imprisonment in the county penitentiary of the county of New York for the term of one year. Sentence was imposed on the 27th of March, 1902. On the 5th of April, 1902, the writ of habeas corpus was allowed. It was set forth in the petition for the writ that at the time of the trial and conviction, and at the time of the presentation of the petition, the petitioner was under the age of 16 years; and the contention is made that the sentence was invalid, because it is provided by section 291, subd. 6, of the Penal Code, that any child actually or apparently under the age of 16 years, convicted of a misdemeanor, shall be finally committed to some institution, and not to any prison or jail or penitentiary, longer than is necessary for his transfer to such institution. Petit larceny is only a misdemeanor under section 535 of the Penal Code. The contention made in the court below and here is that the sentence was in excess of jurisdiction, and it is so made upon proof which was presented to the court upon the return to the writ of habeas corpus, that, as matter of fact, the petitioner was not 16 years of age at the time he was sentenced to the penitentiary. The court of general sessions had jurisdiction of the offense and of the prisoner, and the presumption is that in imposing sentence that court complied with all the requirements of the law, and made inquiry into those matters which formed the basis of its right and authority to impose the sentence. It is not recited in any of the proceedings appearing upon this record that actual proof was taken by the court of general sessions as to the age of the child, and therein the learned justice who heard this matter at the special term appears to have been mistaken when he said that on the trial the petitioner stated that he was 16 years of age. There is nothing contained in the record before us to show that any such statement was made on the trial, or that the court of general sessions made any positive ruling upon the subject. Nevertheless it remains that it was the duty of the court of general sessions to inquire into the age of the petitioner, and to conform its sentence to the requirement of law respecting the disposition to be made of juvenile offenders under the age of 16 years. The presumption of law is that that was done, that the court made the proper inquiry before it imposed the sentence, and that its procedure was based upon proper and sufficient grounds. That being the case, the determination of the court and the imposition of the sentence cannot be reviewed upon habeas corpus, because it is not made to appear affirmatively that the court exceeded its jurisdiction, and did not inquire as to the petitioner's age; the presumption of law being that it did its full duty.

The order appealed from should be affirmed, with costs. All concur.