THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM STEVENS, Respondent, against VERNON A. MORHOUS, as Warden of Great Meadow Prison, Defendant.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

Third Department, June 29, 1945.

*Frank S. Hogan, District Attorney (Whitman Knapp, Assistant District Attorney, Alan J. Elliot and Harold Roland Shapiro, Deputy Assistant District Attorneys of counsel), for appellant.*

No appearance for respondent.

FOSTER, J. These are appeals by the People from two orders of the Supreme Court, made at Special Term, Washington

County. Both orders dismissed a writ of habeas corpus but directed that respondent be brought before the Court of General Sessions of the County of New York for retrial. The second order merely resettled the first order by enlarging the scope of the retrial directed to be had in the Court of General Sessions.

Respondent was indicted in October, 1929, in the Court of General Sessions of New York County under two indictments. One indictment charged him with the crime of robbery in the first degree, assault in the first degree and criminally receiving stolen property. The other indictment charged him with criminally possessing a firearm after a prior conviction. He was represented by an attorney and the trial of the charges against him was postponed three times due to the absence of his attorney. Finally, in the absence of his counsel and on December 19, 1929, he pleaded guilty to a charge of robbery, second degree, while armed with a pistol. He was not sentenced until January 21, 1930, and at the time of sentence he was represented by his attorney. The latter moved the court to permit respondent to change his plea of guilty to one of not guilty. That motion was denied, and respondent was sentenced to a term of imprisonment for fifteen years on the charge of robbery, and five years in addition for possession of a gun. It does not appear that any appeal was taken from the judgment of conviction, or that any motion was made to vacate the judgment.

Respondent now raises by way of habeas corpus the contention that he was coerced into a plea of guilty without the advice of counsel and his constitutional rights invaded. His writ was obtained some fifteen years after his sentence. The court below has held that respondent had a fundamental right to have the advice of counsel at every stage of the proceeding; and, in effect, that respondent was denied that right and compelled to make a plea; also that habeas corpus is an appropriate remedy on the theory that the case falls within an exceptional class of cases where there has been a failure of due process and no other remedy is available.

We forbear from any discussion of the facts as to the alleged coercion because we think they are irrelevant to the decisive issue presented of whether respondent is entitled to relief by way of habeas corpus. We do think that respondent's application for leave to withdraw his plea of guilty should have been granted. Indeed, we believe that only the most exceptional case would justify a denial of such a motion. However that is not the point involved here. If respondent's constitutional

right to be represented by counsel was violated at the time he made his plea, corrective process was available to cure such an error. He might have appealed from the judgment of conviction and raised the issue, or if the facts upon which he relied could only be shown by proof dehors the record he could have moved before the Court of General Sessions to vacate the judgment, and taken an appeal if the motion went against him. He chose to take neither course, but his failure in that regard may not be successfully urged in support of the theory that he has no other remedy now except habeas corpus. If this were a valid argument then habeas corpus would always be available. The test is not whether he has an available remedy now but rather whether corrective process was available before. Unquestionably the Court of General Sessions had jurisdiction of respondent and of the offenses with which he was charged. It was therefore competent to pronounce judgment. Its judgment cannot now be set aside, more than fifteen years later, by another court without appellate jurisdiction, and by way of habeas corpus, regardless of respondent's allegations that his constitutional rights were invaded, or of any proof in support thereof, in view of the fact that respondent failed to avail himself of other and appropriate process. (*Matter of Morhous* v. *N. Y. Supreme Court,* 293 N. Y. 131; *People ex rel. Martine* v. *Hunt,* 294 N. Y. 651.)

The orders appealed from should be affirmed insofar as they dismiss the writ of habeas corpus, and reversed, without costs, insofar as they direct a retrial in the Court of General Sessions, and respondent should be remanded to the custody of the Warden of Great Meadow Prison.

All concur.

Orders appealed from affirmed insofar as they dismiss the writ of habeas corpus, and reversed, without costs, insofar as they direct a retrial in the Court of General Sessions, and respondent remanded to the custody of the Warden of Great Meadow Prison.