THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALPHONSE L. HARRISON, Appellant, against J. V. JACKSON, as Warden of Clinton Prison, et al., Respondents.

Argued April 19, 1948; decided October 14, 1948.

*Thomas A. Robinson* for appellant.    I. A proceeding by habeas corpus is the proper remedy for one circumstanced as is relator. (*People ex rel. Marcley* v. *Lawes,* 254 N. Y. 249; *People ex rel. Sloane* v. *Lawes,* 255 N. Y. 112; *People ex rel. Carollo* v. *Brophy,* 294 N. Y. 540; *People ex rel. Newman* v. *Foster,* 297 N. Y. 27; *People ex rel. Milton* v. *Jackson,* 297 N. Y. 708; *People ex rel. Mucciolo* v. *Snyder,* 295 N. Y. 866; *People ex rel. Romano* v. *Brophy,* 280 N. Y. 181; *People ex rel. Jones* v. *Brophy,* 287

N. Y. 687; *People ex rel. Frey* v. *Warden,* 100 N. Y. 20; *Matter of Albiniano,* 123 A. L. R. 441; *People ex rel. Batista* v. *Christian,* 249 N. Y. 314; *People ex rel. Tweed* v. *Liscomb,* 60 N. Y. 559; *Matter of Parnell,* 200 P. 456.) II. The purported conviction of relator in 1925 of grand larceny, third degree, was not a conviction for a felony and relator was illegally sentenced as a fourth felony offender in 1942. By section 7 of chapter 254 of the Laws of 1924, there was conferred upon the New York City Children's Courts exclusive jurisdiction of offenses committed by children under the age of sixteen, except capital offenses. Therefore, the Kings County Court did not have jurisdiction of the offense or of the person of relator. (*People* v. *Murch,* 263 N. Y. 285; *People* v. *Roper,* 259 N. Y. 170; *People ex rel. Jones* v. *Brophy,* 287 N. Y. 687.)

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown* and *Herman N. Harcourt* of counsel), for respondent. I. Special Term hearing a writ of habeas corpus has no authority to direct the sentencing court to correct the sentence. Such action is not within the scope of a writ of habeas corpus. (*People ex rel. Doyle* v. *Atwell,* 232 N. Y. 96, 261 U. S. 590; *People ex rel. Hubert* v. *Kaiser,* 206 N. Y. 46; *Matter of Morhous* v. *N. Y. Supreme Court,* 293 N. Y. 131; *Matter of Hogan* v. *N. Y. Supreme Court,* 295 N. Y. 92; *People ex rel. Bernoff* v. *Jackson,* 269 App. Div. 580; *People ex rel. Madden* v. *Foster,* 271 App. Div. 809; *Matter of Lyons* v. *Goldstein,* 290 N. Y. 19; *People ex rel. Carr* v. *Martin,* 286 N. Y. 27; *People ex rel. Campiglia* v. *Jackson,* 271 App. Div. 860.) II. Relator was over the age of sixteen years when he was convicted in 1925. (*People ex rel. Wiegand* v. *Brophy,* 261 App. Div. 877, 286 N. Y. 640; *People ex rel. Tully* v. *Fallon,* 73 App. Div. 471; *Matter of Terwilliger* v. *Turk,* 156 Misc. 246; *People ex rel. Davis* v. *Jennings,* 133 Misc. 538; *People* v. *DeBellis,* 87 Misc. 459, 168 App. Div. 905; *Matter of Hogan* v. *Court of General Sessions,* 296 N. Y. 1; *People ex rel. Jones* v. *Brophy,* 287 N. Y. 687; *People* v. *Jones,* 38 N. Y. S. 2d 207; *Greene* v. *State,* 101 Tex. Cr. Rep. 52; *Bradley* v. *State,* 215 Ala. 140.)

Conway, J. We have presented to us for our consideration a petition for a writ of habeas corpus verified in April, 1946, together with the writ and the minutes of the hearing held thereon. The relator was sentenced as a fourth offender, pur-

suant to section 1942 of the Penal Law in June, 1942. The claim of the relator is that in September, 1925, at the time of the commission of the first of the four felonies of which he has been convicted, he was under the age of sixteen years and that therefore the County Court of Kings County was without jurisdiction to try or sentence him.

After the taking of testimony, which will later be quoted in full, Special Term sustained the writ and directed relator's return to Kings County for resentence as a third felony offender. The Appellate Division reversed as a matter of law. We think the reversal was correct for two reasons, first, because there was no evidence before the court to justify the sustaining of the writ, and second, because the age of the relator was found as a fact by the trial court and such finding was not reviewable by habeas corpus.

1. The relator was examined as a witness in his own behalf at a hearing on the writ on June 17, 1946. His testimony that he was then thirty-eight years of age completely disproved the allegations of his petition and established that he was more than sixteen years of age at the time of the commission of his first felony in September, 1925. The whole hearing consisted of nine questions and answers and it is as easy to quote them as to epitomize them. The hearing in full is as follows:

" By the Court:

Q. What is your name? A. Alphonse Harrison.

Q. What was your father's name? A. James Harrison.

Q. What was your mother's name? A. Mary Harrison.

Q. Do you know where you were born? A. At Tucson, Arizona."

Objection was made upon the ground that such testimony would be hearsay. There was no ruling and the examination continued.

" Q. Is that the information that you have that you were born in Tucson, Arizona? A. Yes, sir.

Q. What is your age? A. I am 38 now.

Q. Were you ever advised as to where your father was born? A. I could not say for sure, I was told he was born in Tucson.

Q. Were you ever told where your mother was born? A. She was born in New Orleans, Louisiana.

Q. What was your mother's maiden name? A. Mary Gant.''

That was the oral testimony. By that testimony relator affirmatively established that, since he was then, on June 17, 1946, thirty-eight years of age, he was more than sixteen years of age in September, 1925, and there was no legal justification for sustaining the writ unless it may be found in the exhibits attached to the relator's petition.

The only facts properly established by those exhibits in any way germane to any issue presented were that in November, 1925, the relator swore that he was twenty-one years of age, that he had been born in New Orleans, Louisiana, and that his mother was living; that in June of 1942, the relator swore that he had been born in Tucson, Arizona, that he was thirty-two years of age and that his mother was dead; that in January, 1946, there was filed in the office of the Arizona State Department of Health, Division of Vital Statistics, a '' DELAYED CERTIFICATE OF BIRTH '' subscribed by Mary H. Gant who on November 13, 1945, in Louisiana swore that she was the mother of the registrant, Alphonse L. Harrison, who had been born on October 23, 1909, in Tucson, Arizona. The abstract of the supporting evidence attached to the certificate shows two documents. The first is a baptismal record from St. Dismas, The Good Thief Church at Dannemora, where relator was baptized on November 26, 1937. The other is a photostat application for social security account dated March 2, 1942. The State Registrar of Arizona certified under date of January 22, 1946, that there was no prior certificate of birth of the registrant on record.

On that record there was no evidence to support the order sustaining the writ and it was properly reversed as a matter of law.

2. Before a prisoner may be sentenced to the New York State Reformatory at Elmira certain facts must be established. Section 2185 of the Penal Law reads as follows: '' Sentence of males between sixteen and thirty years of age. A male between the ages of sixteen and thirty, convicted of a felony, who has not theretofore been convicted of a crime punishable by imprisonment in a state prison, may, in the discretion of the trial court, be sentenced to imprisonment in the Elmira reformatory, to be there confined under the pro-

visions of law relating to that reformatory." Thus one of the facts to be found by the trial court is that the prisoner is " between the ages of sixteen and thirty ". (Penal Law, § 2185). The relator has furnished us with his answers under oath to the trial court (McLaughlin, J.) pursuant to the questioning required by section 485-a of the Code of Criminal Procedure. That section reads as follows:

" *Examination of convict before sentence.* It shall be the duty of the court in which any person shall be convicted of an offense punishable in a state prison, before passing the sentence therefor, to ascertain by the examination of such convict on oath, and in addition to such oath, by such other evidence as can be obtained, whether such convict had learned and practiced any mechanical trade, and in like manner such other facts tending. to indicate the causes of the criminal character or conduct of such convict, as to the court shall seem proper and desirable, and the court shall direct the clerk of the court to enter such of the facts so ascertained, and such other facts as to the court shall seem proper and desirable, upon the minutes of the court, and said clerk shall include a copy thereof in the certified copy of the sentence of such convict which shall be delivered to the sheriff of the county in which such conviction shall be had." Among the answers so made by the relator to the court on November 23, 1925, were that he was twenty-one years of age and had previously been convicted of petit larceny in the same County Court and had served ninety days therefor. The trial court made a finding of fact under section 2185 of the Penal Law which was entered on the clerk's minutes as required by section 485-a of the Code of Criminal Procedure as follows: " The Court being satisfied that the said ALPHONSE HARRISON is 21 years of age and has not been previously convicted and sentenced for a felony; WHEREUPON it is ORDERED AND ADJUDGED by the Court, that the said ALPHONSE HARRISON for the felony aforesaid whereof he is convicted, be imprisoned in the New York State Reformatory at Elmira, there to be dealt with according to law."

Thus the relator's age was one of the facts upon which depended the jurisdiction of the court to act for there may be no

judgment of conviction without sentence. (*People* v. *Harcq,* 292 N. Y. 321, 325–326.) Since the court had jurisdiction of the person and of the subject matter and power to impose the particular sentence, the judgment of conviction is conclusive as to every fact necessarily found in rendering it. The trial court adjudicated the fact of age as a statutory prerequisite to passing sentence. The judgment of conviction so rendered, after the passage of the time allowed for motion and appeal, may not be collaterally attacked for error of fact or law in the exercise of jurisdiction where there is no lack of the requirements of due process. (*People ex rel. Wachowicz* v. *Martin,* 293 N. Y. 361, 364, 366; *Matter of Morhous* v. *New York Supreme Court,* 293 N. Y. 131, 134–138; *People ex rel. Carr* v. *Martin,* 286 N. Y. 27; *People ex rel. Bai* v. *Brophy,* 286 N. Y. 585; *People ex rel. Wiegand* v. *Brophy,* 261 App. Div. 877, and cases cited, affd. 286 N. Y. 640; *People ex rel. Stevens* v. *Morhous,* 269 App. Div. 461, 462; *People ex rel. Tully* v. *Fallon,* 73 App. Div. 471, 473; *People ex rel. Davis* v. *Jennings,* 133 Misc. 538, and cases cited; Scott & Roe on Habeas Corpus, pp. 26, 27, 64, 294, 295, indicating cases to the same effect in Maine, Florida, Massachusetts, Michigan, New Jersey, Kansas, Minnesota and the Federal courts.)

See, also, the cases collected in *People* v. *Jones* (38 N. Y. S. 2d 207, at p. 211).

The general rule is stated as follows in 39 Corpus Juris Secundum, p. 456: " Where the court had general jurisdiction of the cause and the person, error in the determination of questions of law or fact on which its jurisdiction in the particular case depends is error in the exercise of jurisdiction, and, in accordance with the general rule, affords no ground for habeas corpus. This rule has been applied to findings as to the age, status, and domicile or residence of a person, and as to whether or not the offense was committed within the territorial jurisdiction of the court   *   *   *."

It should be stressed that this is not a case where the petitioner " alleges in his petition facts sufficient, if established, to show that the judgment fails to satisfy the requirements of due process " (*Matter of Morhous* v. *New York Supreme Court,* 293 N. Y. 131, 140, *supra*) for there is no such factual allegation

of failure of due process under either State or Federal Constitution. (*Matter of Morhous* v. *New York Supreme Court, supra*; *Bute* v. *Illinois,* 333 U. S. 640.) Moreover, the relator was represented by Philip Jones as counsel on his trial and testified in his own behalf as is disclosed by the clerk's minutes. (*People* v. *Travis,* 257 N. Y. 474, 476.) His answers under oath to the questions put to him by the court under section 485-a of the Code of Criminal Procedure as furnished to us by him and recited in the clerk's minutes disclose that prior to November, 1925, he had been convicted of petit larceny in the same County Court and had served a sentence of ninety days therefor. That imported a finding by the court at that earlier time that he was then over sixteen years of age. (See Penal Law, § 817.) Knowledge of that earlier finding of the same court was thus brought home to the trial court in the instant case. It is not permitted for another court without appellate jurisdiction to set aside a judgment of conviction rendered under the circumstances disclosed here by means of a writ of habeas corpus more than twenty years after the rendition of the judgment, for that would lead to the " chaotic situation " envisioned by Chief Judge LEHMAN in his opinion in *Matter of Morhous* v. *New York Supreme Court* (*supra,* p. 140). See *People ex rel. Stevens* v. *Morhous* (269 App. Div. 461, 462, *supra*). Appropriate process for the correction of error was provided but not availed of by relator or his counsel who represented him at the trial. If their failure were to insure to relator a remedy now, then habeas corpus would always be available when a question as to the jurisdiction of the trial court was raised. We decided to the contrary in *People ex rel. Wachowicz* v. *Martin* (293 N. Y. 361, *supra*).

*People ex rel. Jones* v. *Brophy* (287 N. Y. 687, certiorari denied 316 U. S. 669) is not to the contrary since, it being clear that the finding that relator was more than sixteen years old at the time of the prior conviction was fully sustained by the evidence, we considered no other question.

The order appealed from should be affirmed.

FULD, J. (concurring). I agree that this is not a case for habeas corpus, but, since I reach that conclusion by a road

different from that taken by Judge Conway, I would indicate my course.

Both by history (*Matter of Morhous* v. *New York Supreme Court*, 293 N. Y. 131; *People ex rel. Carr* v. *Martin*, 286 N. Y. 27; *Davis* v. *Packard,* 8 Pet. [U. S.] 312, 324, affg. 10 Wend. 50), and by the controlling New York statute (Civ. Prac. Act, § 1231), " A person is not entitled to " a writ of habeas corpus when " detained by virtue of the final judgment or decree of a competent tribunal of civil or criminal jurisdiction ". In the present case, relator is being detained by virtue of a 1942 judgment of the County Court of Kings County, sentencing him to imprisonment for life as a fourth felony offender. Whether or no the court wherein he was initially tried and convicted in 1925 possessed jurisdiction to adjudge him guilty of a crime need not concern us, for no one can deny that the 1942 judgment was within the power and competence of the tribunal which rendered it.

It is true, as urged, that this court has sanctioned the use of the writ where a sentence has been imposed " for a term longer than authorized by statute ". (See *People ex rel. Carollo* v. *Brophy,* 294 N. Y. 540, 542; see, also, *People ex rel. Newman* v. *Foster,* 297 N. Y. 27; *People ex rel. Kerrigan* v. *Martin,* 291 N. Y. 513; *People ex rel. Romano* v. *Brophy,* 280 N. Y. 181; *People ex rel. Marcley* v. *Lawes,* 254 N. Y. 249; *People ex rel. Tweed* v. *Liscomb,* 60 N. Y. 559.) In all such instances, however, the validity or invalidity of the sentence under attack was susceptible of determination as a matter of law by simple perusal of the record before the court imposing the challenged sentence. (See, e.g., *People ex rel. Newman* v. *Foster, supra; People ex rel. Carollo* v. *Brophy, supra; People ex rel. Sloane* v. *Lawes,* 255 N. Y. 112, 119; *People ex rel. Marcley* v. *Lawes, supra.*) The " writ [of habeas corpus] in New York merely tests the legality of a detention according to the face of the record." (*New York ex rel. Whitman* v. *Wilson,* 318 U. S. 688, 692.) Quite clearly, the present is not such a case. Here, no study of the record before the sentencing court could possibly have revealed that relator was under sixteen years of age in 1925. Harrison is not attempting to correct a sentence imposed for a term longer than authorized because of a mistake

of law; he is not attempting to test the legality of his detention according to the face of the record. What he is seeking to do is to vacate the prior 1925 conviction because of a mistake of fact not apparent upon the record. That may not be done by habeas corpus, and it is for that reason that I concur for affirmance.

I am impelled, however, to write further because of the fears expressed in the dissenting opinion (p. 235) that " affirmance here, read with the *Hogan* case (296 N. Y. 1, *supra*) will mean that if a youth under sixteen years is, through mistake or ignorance, or, indeed, through malice or fraud, unlawfully convicted, nothing can be done about it."

I do not so understand either our present determination or the decision in that *Hogan* case. (*Matter of Hogan* v. *Court of General Sessions,* 296 N. Y. 1.)

In my view, denial of habeas corpus does not necessarily mean the denial of all remedy in a proper case. As this court not long ago observed, and in a very similar setting, " A remedy there must be. The approach to it must be by the only visible route — by motions addressed to the sentencing court." (*Matter of Hogan* v. *New York Supreme Court,* 295 N. Y. 92, 97.) In this case, the " visible route " takes its direction from the very difficulties which inhere in habeas corpus as a corrective procedure. To permit the judgment of a court — in this case, the 1942 judgment of the County Court of Kings County — having jurisdiction over person and subject matter and having power to mete out the sentence imposed, to be " challenged by writ of habeas corpus *in another court* * * * would produce a chaotic situation." (Italics supplied.) (*Matter of Morhous* v. *New York Supreme Court,* 293 N. Y. 131, 140, *supra.*) A prisoner's challenge to a prior conviction can best be weighed by the court which convicted him. That is the court which is most likely to have full knowledge of the circumstances attending the conviction, which can best appreciate the meaning of the record before it, and which can most intelligently evaluate the significance of the new information produced by the prisoner.

In short, it is my opinion that, if ever a second or fourth felony offender wishes to assert the invalidity of a prior conviction — ascribed to an error of fact not apparent on the face of the record — he must do so by motion in the nature of a

writ of error *coram nobis* in the court where he was tried. Only if he is successful in that attack, may he thereafter move to have his subsequent sentence corrected. (See *People ex rel. Sloane* v. *Lawes,* 255 N. Y. 112, *supra*; compare *Matter of Hogan* v. *Court of General Sessions,* 296 N. Y. 1, with *People* v. *Shapiro,* 188 Misc. 363; compare *People ex rel. Bernoff* v. *Jackson,* 269 App. Div. 580, with *People* v. *Bernoff,* 61 N. Y. S. 2d 46.)

No exhaustive discussion is necessary to establish the propriety of *coram nobis,* at least in certain instances, to vacate a judgment convicting a juvenile offender of a felony. From time immemorial that remedy was employed to call up facts unknown to the court at the time of judgment — facts which affected the validity and regularity of the judgment itself, facts which, if known, would have precluded the judgment rendered. There can, of course, be no doubt that a court would not have adjudged a defendant guilty of a felony, or, for that matter, of any noncapital crime, had it known that he was under sixteen years of age when he committed the act for which he was being tried; in a very real sense, that was a fact which, if known, would have precluded the judgment rendered. (Penal Law, § 2186; see, e.g., *People* v. *Murch,* 263 N. Y. 285, 290.) And such an application of *coram nobis* would be perfectly consistent with the function of its ancient counterpart, for one of the earliest uses of the writ was to bring the fact of infancy, if previously undisclosed, to the attention of the court which had rendered the judgment. (See *Meggot* v. *Broughton* [1588] Cro. Eliz. 106, 78 Eng. Rep. 364; *Dawkes* v. *Payton* [1650] Sty. 216, 218, 82 Eng. Rep. 657, 659; 1 Rolle's Abridgement [1668] p. 747; *Higbie* v. *Comstock,* 1 Denio 652 [1845]; *Matter of Toney,* 11 Mo. 661, 663 [1848]; see, also, 2 Tidd on Practice of the Courts of King's Bench [9th ed. 1828] p. 1136; 2 Cooley's Blackstone [3d ed. 1884] p. 406, n. 4.)

It may well be that if a defendant knew, when tried, that he was under sixteen but either concealed that fact or lied about it — or if the issue of age was adjudicated upon the trial (see *Matter of Hogan* v. *Court of General Sessions, supra,* 296 N. Y. at p. 8) — *coram nobis* may not be used to attack the judgment of conviction. But if, on the other hand, a defendant was unaware that he was under age — and his asserted nonage was

not put in issue — reason and fairness demand that he be privileged to apprise the court of that fact so that it might take appropriate corrective action. And, as I have indicated, it is my belief that the *Hogan* case does not preclude resort to *coram nobis* by one who asserts that he was a juvenile when he committed the alleged felony of which he was initially convicted, *provided* that he can also allege and prove that, for some justifiable reason, he was unable at the trial to make known his true age. (Cf., e.g., *Sanders* v. *State,* 85 Ind. 318, 326; *Commonwealth* v. *Harris,* 351 Pa. 325, 329.) No such allegation or proof was present in the *Hogan* case; in point of fact, it there affirmatively appeared (1) that the defendant had testified upon the trial — which he later claimed was held when he was under sixteen — that he was then eighteen years old and (2) that his mother — who obviously must have known his age — had been present in court when judgment was pronounced.

The order appealed from should be affirmed.

DESMOND, J. (dissenting). Relator-appellant, having been four times found guilty of felonies in this State (in 1925, 1928, 1932 and 1942), was, as a consequence of the last of those convictions, sentenced, as a fourth offender, to serve a prison term of from twenty years to life. In 1946, he brought this habeas corpus proceeding, alleging that on the date (September 22, 1925) of the commission of the offense of which he was first convicted, he was in fact not yet sixteen years of age. It is his contention here, and an Arizona birth certificate attached to his petition and presented to Special Term in this proceeding purports to show, and Special Term has herein made a finding, that he was born on October 23, 1909. On the return of the writ there was a hearing and testimony was taken, at the close of which the Special Term Justice held, as fact, that relator's 1925 offense had been committed when relator was only fifteen years old. Accordingly, the writ was sustained. After certain other procedural steps to which it is not necessary to refer, Special Term made an order sending relator back to the court which had sentenced him as a fourth offender in 1942, to be resentenced as a third offender.

The People appealed, from the order sustaining the writ and ordering resentence, to the Appellate Division, Third

Department, which reversed the order on the law and dismissed the writ. The memorandum opinion of the Appellate Division pointed out that at the time of the first criminal judgment against him, relator had given his age as twenty-one, and held that since (according to the Appellate Division) the question of fact (as to his age) "was within the jurisdiction of and adjudicated in the court of original jurisdiction", it could not be reviewed or litigated in a habeas corpus proceeding. (272 App. Div. 970.) It is to be kept in mind that the Appellate Division's reversal was on the law, with no interference with the facts found below, so we in this court must start out with an unreversed finding in relator's favor, on the question of the date of his birth, which finding is binding upon us at this point. Therefore we approach the case on the basis that it has now been established that relator was fifteen years old only, when he committed the first, or 1925, offense.

So far as we can discover, no issue as to relator's date of birth had been raised, litigated or decided at his 1925 trial in the County Court of Kings County. So far as appears, there was no mention of his age in those County Court proceedings until November 23, 1925, four weeks after the jury had found him guilty. On that date, when relator came up for sentence he was, apparently, asked his age (by whom it does not appear) and one of the indorsements then made on the back of the indictment says this: "Age: 21." Presumably, that, with other information set down when relator's "pedigree" was taken, was elicited from relator, but, even so, the process was not — indeed, had no resemblance to — the trial of an issue of fact. It was a mere gathering of data, for the court's information in sentencing and for statistical purposes (Code Crim. Pro., § 485-a; see *People ex rel. Shepherd* v. *Martin,* 267 App. Div. 1041), although it did give the prisoner an opportunity to claim he was under age (if indeed he then knew how old he was). Incidentally, section 485-a does not direct that the defendant be questioned as to his age and, it should be remarked, also, the clerk's minutes of the 1925 criminal case do not show that relator was represented by counsel thereat. All in all, it seems plain enough that there was no litigation or decision, on the 1925 trial, of relator's age, and certainly it cannot now be

said that the jurisdictional fact as to his age was conclusively determined against him. Accordingly, the way is open for this collateral attack on the 1925 judgment, on the ground that the County Court had no jurisdiction of the offense, in that there was absence of a requisite jurisdictional fact. That age was a jurisdictional fact is indisputable. Under the laws of this State, as they now are and as they were in 1925 (see L. 1924, ch. 254, §§ 2, 7; Penal Law, § 2186), " the only crimes which a child under sixteen years of age is capable of committing are treason, murder in the first degree and murder in the second degree; and * * * to those crimes alone, in the case of such a child, have the criminal courts jurisdiction " (*People* v. *Murch,* 263 N. Y. 285, 290; see *People* v. *Roper,* 259 N. Y. 170, 174). The *Murch* opinion in this court says that as to crimes other than those just listed, a verdict of guilty rendered against a person under sixteen years of age is a " nullity under the existing statutes " (*supra,* p. 291). Of course, if the County Court had in 1925 tried out, as a disputed issue of fact, this very question as to appellant's being over or under sixteen, the resultant finding of fact would have had to stand unless and until reversed on direct review, that is, on appeal from the judgment of conviction; but, since there was no such trial or determination in 1925, the fact issue remained open, and the presumption of the County Court's jurisdiction was a rebuttable presumption of fact which could be rebutted in a later proceeding and has now been successfully so rebutted in this present proceeding (see *People ex rel. Frey* v. *Warden,* 100 N. Y. 20, 26; and see Judge VANN's enlightening opinion in *People ex rel. Scharff* v. *Frost,* 198 N. Y. 110, 116, quoted with approval in *People ex rel. Hubert* v. *Kaiser,* 206 N. Y. 46, 53). In such a situation, it is traditional practice in this State to permit a later collateral inquiry, by way of habeas corpus, on proof outside the original record, as to the presence or absence of a requisite jurisdictional fact (1 Bailey on Habeas Corpus, pp. 87–91; *People* v. *McLeod,* 25 Wend. 483, 571–572; *People* v. *Cassels,* 5 Hill 164, 168; *Matter of Divine,* 21 How Prac. 80, 82; *People ex rel. Sinkler* v. *Terry,* 108 N. Y. 1, 12; *People ex rel. Danzinger* v. *Protestant Episcopal House of Mercy,* 128 N. Y. 180, 189; *People ex rel. Perkins* v. *Moss,* 187 N. Y. 410, 418; *People ex rel. Albanese* v. *Hunt,*

266 App. Div. 105, affd. 292 N. Y. 528; *People ex rel. Carr* v. *Martin,* 286 N. Y. 27, 32; *People ex rel. Ray* v. *Martin,* 294 N. Y. 61, 65). The decisions of this court, over the years, as to the general scope and coverage of habeas corpus, are numerous and at some points difficult to construe and apply. But as to the availability of that particular remedy to reach a question, such as we have here, of nonexistence of a jurisdictional fact not litigated or decided in a prior criminal prosecution, there is no doubt at all, as witness all the decisions above cited, right down to *People ex rel. Ray* v. *Martin (supra)* decided in 1945. Indeed, *People ex rel. Jones* v. *Brophy* (287 N. Y. 687, certiorari denied 316 U. S. 669) is a recent case in this court, where, although decision went against relator on the merits, he was allowed to use a habeas corpus writ to put before the court the identical question here presented. The Federal cases state the same rule (see discussion in *United States ex rel. Emanuel* v. *Jeager,* 117 F. 2d 483, 487; *United States ex rel. Sutton* v. *Mulcahy,* 169 F. 2d 94, [C. C. A. 2d]). In all the cases cited in this paragraph the relator's habeas corpus writ was issued, although he could have raised the same point on his trial, so that is of no consequence. Relator here had, accordingly, a clear right, on the return of his writ in this proceeding, to present such proof as he had, that he was born later than September 22, 1909. That proof, adequate for the purpose, was presented at Special Term, and accepted by that court. It follows that the Appellate Division's reversal on the law, of the Special Term order, was erroneous.

It is argued that this case is not one for habeas corpus since appellant's latest sentence as a fourth offender, in 1942, on which sentence he is now being held, was rendered by a court which had at that time jurisdiction of his person and of the charge against him (*People ex rel. Carr* v. *Martin,* 286 N. Y. 27, *supra; People ex rel. Wachowicz* v. *Martin,* 293 N. Y. 361). This could almost be called begging the question, since the County Court of Kings County, which adjudged appellant a fourth offender in 1942, was the same court which had illegally and without jurisdiction dealt with appellant in 1925, for a crime committed while he was under age, and its only basis for holding him to be a fourth offender in 1942 was its own prior

void judgment of 1925. But, even if we concede that the sentencing court in 1942 was possessed of jurisdiction of relator's person and of the subject matter, there would still be in this situation another sure ground for habeas corpus. It is not, and never has been, strictly true that only purely jurisdictional questions can be reached by habeas corpus. The writ is used also where, though all jurisdictional facts were in order, the sentencing court has attempted to exercise a power it did not possess (see *People ex rel. Frey* v. *Warden, supra,* 100 N. Y. at p. 24; *People ex rel. Tweed* v. *Liscomb,* 60 N. Y. 559, 568; *People ex rel. Kemmler* v. *Durston,* 119 N. Y. 569, 574) by handing down an excessive or otherwise illegal sentence (*People ex rel. Devoe* v. *Kelly,* 97 N. Y. 212; *People ex rel. Marcley* v. *Lawes,* 254 N. Y. 249). There are numerous decisions in this court which say that when a defendant has been incorrectly adjudged to be a subsequent offender — in that one of his earlier convictions should not have been counted — habeas corpus is his right (*People ex rel. La Placa* v. *Murphy,* 277 N. Y. 581; *People ex rel. Carollo* v. *Brophy,* 294 N. Y. 540; *People ex rel. Newman* v. *Foster,* 297 N. ,Y. 27; *People ex rel. Milton* v. *Jackson,* 297 N. Y. 708). Any distinctions between those cases just cited and this one are differences of detail only, and nondeterminative. The real question here, as in the cited cases, is as to the correctness of a sentence as a fourth offender. It has become traditional in this State to assign habeas corpus as the procedure for reaching such questions.

The suggestion is made that appellant should have moved in the County Court of Kings County for relief, by making a so-called " *coram nobis* " type application to set aside the illegal 1925 conviction. There are two answers to that suggestion. First, even though such a motion was a permissible procedure, it does not follow that the great writ of habeas corpus was not relator's to employ instead, if he so desired. Another sufficient answer is that there is more than a little doubt, under *Matter of Hogan* v. *Court of General Sessions* (296 N. Y. 1) as to whether " *coram nobis* " would lie, on this state of facts. We should not put ourselves in the position of driving this man from pillar to post. If it be true — as we must assume at this point — that he was indicted, tried and sentenced in

1925, when the plain statutory law of the State forbade — then we must give him his new day in court. Following *Matter of Hogan* v. *Court of General Sessions (supra)* we might have to hold that *coram nobis* cannot be used. I read *Matter of Morhous* v. *New York Supreme Court* (293 N. Y. 131, 140) cited by the Appellate Division here, as saying that when a fundamental right has been withdrawn or abridged, and when there is no other remedy at hand, habeas corpus will lie, despite technical objections thereto (see *Bowen* v. *Johnston,* 306 U. S. 19, 27). "Denial of the writ in such case might not accord with its historic purpose and be contrary to the spirit if not the letter of the Constitution of this State as well as of the United States" (*Morhous* opinion, 293 N. Y. at p. 140).

The discussion of facts in the opinion for affirmance seems to suggest that relator's proof is too meager or suspicious to justify relief. But he did make out a prima facie case (see Penal Law, § 817, as to birth certificate), and the only material fact was duly found in his favor, and so the fact inquiry is closed, as far as we are presently concerned.

The jurisdiction, or lack of it, of the 1925 court depended on the actual facts, and no false or mistaken statements by the defendant could confer jurisdiction. This is a question of subject-matter jurisdiction, which cannot accrue to a court by consent, waiver or mistake, but must be conferred by Constitution or statute. It follows that any holding herein that habeas corpus is not allowable to this relator must necessarily mean that the writ cannot, as matter of law, issue in the case of any underage defendant, who, despite the express prohibitions of our statutes, has been indicted, tried and convicted for felony, but who, through youth and ignorance, has failed to take an appeal from that totally void judgment of conviction. Since such a judgment is void for lack of jurisdiction, no appeal therefrom was necessary to keep this relator's rights alive. And illusory, indeed, is the remedy of an appeal for a defendant who is so ignorant of his true age, or of the protection the law affords him at that age, that he fails to plead his nonage, at the trial. The strong and positive public policy of this State is that those under sixteen years of age cannot be convicted of crimes, and that the courts (other than children's courts) are wholly without jurisdiction to try or

sentence such persons. An equally strong and positive, but much older, public policy of this State says that the writ of habeas corpus, the great writ of liberty, is ready at hand to redress such wrongs. Yet an affirmance here, read with the *Hogan* case (296 N. Y. 1, *supra*) will mean that if a youth under sixteen years is, through mistake or ignorance, or, indeed, through malice or fraud, unlawfully convicted, nothing can be done about it.

The order of the Appellate Division should be reversed, with costs and the proceeding remitted to the Appellate Division for determination by it upon the question of fact (Civ. Prac. Act, § 606).

THACHER and DYE, JJ., concur with CONWAY, J.; FULD, J., concurs in separate opinion; DESMOND, J., dissents in opinion in which LOUGHRAN, Ch. J., and LEWIS, J., concur.

Order affirmed.