Frastcis A. Sturges, County Judge and Surrogate.
Upon the petition of Bertha Thomas, verified the 9th day of July, 1958, a writ of habeas corpus was issued by me as Orleans County Judge, directing the superintendent of Western Reformatory for Women, Albion, New York, to have the body of the person by her imprisoned and detained, together with the cause of such imprisonment and detention, brought before me, .the County Judge of Orleans County, on the 17th day of July, 1958, pursuant to the provisions of the Civil Practice Act, and, upon the return day, the respondent appeared with the prisoner and filed a return thereto, with a copy of the commitment by the County Judge of Chenango County. The prisoner, a female 19 years and 2 months of age, had been committed to the Western Reformatory for Women for the term of three years unless sooner discharged under the rule of said institution, or thence delivered by due course of .law. The court record showed that the prisoner had been adjudged a wayward minor after a hearing held .in-the County Court Chambers, Chenango County.
The following persons appeared on the hearing.on the writ of habeas corpus:
The prisoner in person, pursuant to the-writ;
' Travis-& Whiting,- of Binghamton, New York, the attorneys for the petitioner, appeared by Kenneth P.. Whiting of counsel;
The respondent, the -superintendent of Western Reformatory for Women, Albion,- N. Y., appeared in person and by J. -Kenneth Serve, Orleans County District Attorney.
*818 The attorneys for the petitioner, by counsel, presented oral arguments and filed a written brief. The attorney for the respondent presented oral arguments and moved for the dismissal of the writ.
The petition for the issuance of said writ of habeas corpus alleged that the prisoner “ has not been committed, and is not detained by virtue of any judgment, decree, final order, process or mandate issued by a court or a judge of the United States, in a case where such courts or judges have exclusive jurisdiction under the laws of the United States, or have acquired exclusive jurisdiction by the commencement of legal proceedings in such a court; or by virtue of the final judgment or decree of a competent tribunal of civil or criminal jurisdiction; or the final order of such a tribunal, made in a special proceeding, instituted for any cause, except to punish her for a contempt; or by virtue of an execution or other process, issued upon such a judgment, decree or final order; that the cause or pretense of such imprisonment and restraint, according to the best knowledge and belief of your petitioner, is being a wayward minor. ’ ’
However, it now appears from the papers presented to this court, that the Chenango County Judge read the petition and complaint to the defendant, upon her hearing, and that she admitted that the matters stated in the petition and complaint were true and that, after taking the testimony of the defendant, the court took the testimony of the mother of the defendant, and thereupon adjudicated the said defendant a wayward minor and sentenced her to be committed to the Western Reformatory at Albion, New York, for a term not to exceed three years, but that she may be sooner paroled, or discharged therefrom pursuant to the provisions of article 12 of the Correction Law or any amendments thereof duly enacted.
Although the commitment to the Western Reformatory for Women did not specifically charge the violation of any section of the law, it did charge that the defendant “ failed and wilfully disobeyed the reasonable commands of her mother; that she has been living in Syracuse with a man not her husband; that she has just returned to her mother’s residence from a trip to California with a man not her husband, without her mother’s consent, etc., (see attached copy of court record) and being then and there duly arraigned before me for trial, I distinctly read the charge to (name of defendant omitted in this decision) and required her to plead thereto, whereupon she orally pleaded guilty. The said plea having been entered in the minutes I did proceed with the trial of the said charge in her presence and hearing, pursuant to law and upon conclusion thereof I did *819 convict and adjudge the said (name of defendant omitted in this decision) to be guilty of a charge thus made against her.”
It will be noted that the order of commitment referred to the attached copy of the court record, and that the court record also shows that the court read the petition and complaint.
Although there was no copy of the said petition and complaint presented to this court, the County Court of Chenango County did adjudicate the said defendant to be a wayward minor, and did commit her for acts, which if committed, constitute the offense of being a wayward minor; and it is also to be noted that, according to court record, the court warned the defendant that, if he found her to be a wayward minor, it would be his responsibility to determine what should be done with her. From the copy of the record of the trial court, which was presented to this court, it appears that the defendant was advised of the fact that she was being tried as a wayward minor, and that she was adjudicated to be a wayward minor, and sentenced to the Western Reformatory for Women, Albion, N. Y., as such.
From the brief records of the proceedings in the Chenango County Court and assuming that no other advice or instruction was given to the defendant by the court, it would appear that many of the criticisms of the attorneys for the petitioner of the procedure in the trial court may have merit; but it also appears that the trial court was a competent tribunal of criminal jurisdiction and that it rendered a final judgment in the matter. Hence, regardless of the general allegations in the petition or the issuance of a writ of habeas corpus, it now appears to my satisfaction and I find that the prisoner was committed by virtue of the final judgment of a competent tribunal of criminal jurisdiction and that the prisoner is detained in custody by reason of such adjudication and order of commitment, and that the time for which she may legally be so detained has not expired. And by reason of this finding, I hold that, under subdivision 2 of section 1252 of the Civil Practice Act, I am required to make a final order to remand the prisoner into the custody of the Western Reformatory for Women, Albion, N. Y.
I am constrained to reach this conclusion under the reasoning of the Court of Appeals in Matter of Lyons v. Goldstein (290 N. Y. 19); Matter of Morhous v. New York Supreme Court (293 N. Y. 131); People ex rel. Carr v. Martin (286 N. Y. 27); People ex rel. Harrison v. Jackson (298 N. Y. 219) and opinions in the many lower courts which have followed the reasoning of the above-cited Court of Appeals cases. (See People v. Richetti, *820 109 N. Y. S. 2d 29; People ex rel. v. Jackson, 1 A D 2d 743; People ex rel. Lee v. Jackson, 285 App. Div. 33.) The opinions and holdings in the foregoing cases point out that to permit the judgment of a court having jurisdiction to try an accused and to pronounce judgment and sentence upon him, to ■ be ■challenged by writ of habeas corpus in another court upon the ground that the requirement of due process were not satisfied in all respects at the trial, would produce a chaotic situation, and that the State has provided other proper relief, viz.: a proceeding in coram nobis or a motion to vacate the judgment for- a new trial.
It is true that the courts have sometimes justified a writ of habeas corpus in exceptional cases where the convicted person has no other adequate remedy or where the judgment' is a nullity by reason of the court not being a competent tribunal of criminal jurisdiction or having no jurisdiction of the person or the crime. In the case before me, the trial court was a competent tribunal and had jurisdiction of the person of the defendant with the right to issue the remand order or sentence the defendant for the term therein sentenced.
The attorneys for the petitioner claim that the information was defective. However, the petition and complaint is not before me, and the copy of the report of the proceedings at the hearing indicates that the court read the petition and complaint to the defendant and that the defendant admitted the truth of the contents thereof, and that the defendant was advised that the court had the right to determine what would be done with her if he found her to be a wayward minor. The attorneys for the petitioner also contend that the apparent failure of the court to require a formal plea of “ guilty or not guilty ” from the defendant rendered all further proceedings void, and that the court was without jurisdiction to proceed without informing the defendant of her right to counsel. Whether or not the defendant’s admission that the contents of the petition and complaint were true constituted a plea of guilty may be open to question. It is also true that the copy of the court proceedings which was presented to me does not indicate that the defendant was advised of her right to counsel; but there is no question but that the final judgment was rendered by a competent tribunal of criminal jurisdiction and that the said tribunal had jurisdiction of the person of the defendant and of the crime or offense charged insofar as required by subdivision 2 of section 1252 of the Civil Practice Act.
It will be noted that most of the cases, which appeared to hold that a writ of habeas corpus should be granted where it *821 appears that the defendant had not been advised of his right to counsel, were decisions made prior to the late cases in the Court of Appeals, beginning with Matter of Lyons v. Goldstein (290 N. Y. 19, supra). The opinion of the County Judge of Wyoming County, rendered on November 2, 1938, in People ex rel. Moore v. Hunt (16 N. Y. S. 2d 19) does appear to hold that the County Court which tried the defendant was without jurisdiction to proceed with the arraignment or accept the plea without informing the defendant of his right to counsel and that a plea of guilty could not logically be taken as a waiver of the constitutional requirement that he be informed of his right to counsel. This ruling of the Wyoming County Court was sustained by the Supreme Court, Appellate Division, Fourth Department on the opinion of the County Judge (258 App. Div. 24). However, this decision was made prior to the decision of the Court of Appeals in Matter of Lyons v. Goldstein (290 N. Y. 19, supra), and the County Judge of Wyoming County did not rely entirely upon the record of conviction but noted that, on a motion to vacate, made in the County Court where the defendant was convicted, that the County Judge in a written opinion stated that it was doubtlessly true that the defendant was not asked if he desired counsel and no counsel was assigned to him as it was the custom to assign counsel only when the defendant pled not guilty. This case has been referred to as a case ‘1 in which a guilty plea was vacated by the dubious .means of habeas corpus ” (see People v. Richetti, 109 N. Y. S. 2d 29, 36, supra).
It would appear that the arguments of the attorney for the petitioner are conclusively answered by the opinion of Judge Lehman in Matter of Morhous v. New York Supreme Court (293 N. Y. 131, 140, supra) where the court says: “ Certainly a general rule that the judgment of a court having jurisdiction to try an accused may be challenged by writ of habeas corpus in another court upon the ground that the requirements of due process were not satisfied in all respects at the trial, would produce a chaotic situation. Often the question whether there has been a violation of constitutional rights at the trial may involve close questions of fact and law, sometimes appearing-in the record, sometimes only by proof dehors the record. An appeal to a higher court is ordinarily the appropriate corrective process for error at the trial and appearing in the record; a motion to vacate the judgment and for a new trial is ordinarily the appropriate corrective process for defect not appearing on the record or where for any reason an appeal would not furnish a remedy. These proceedings are open to an accused in this State. * * * The relator, as we pointed out, is not *822 entitled to a writ of habeas corpus under the provisions of section 1231 of the Civil Practice Act. Controverted questions of fact whether the relator is deprived of his liberty without due process can be determined only by a motion to vacate the judgment made in the court which granted it. The Supreme Court of this State has not jurisdiction to determine that question upon a writ of habeas corpus.”
I hold that the writ, should be dismissed, without costs. Let order be entered in accordance with this decision.