■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HERBERT W. PETERS, Appellant.— The order of affirmance of appellant's conviction (286 App. Div. 924) is vacated and the case restored to the General Calendar. The record is remitted to the County Court of Columbia County for the determination of appellant's motion of June 9, 1952, to settle the same and correct the transcript of the stenographic minutes. (See *People* v. *Peters* 5 A. D 2d 1020.) Counsel should be assigned or the defendant produced in person at the hearing thereon as the trial court may determine in its discretion. (See *Chessman* v. *Teets*, 354 U. S. 156.) Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. KENNETH O. VAN SLYKE, Appellant, against WALTER M. WALLACK, as Warden of Wallkill Prison, Respondent.— Appeal from an order denying petitioner's application for a writ of habeas corpus and dismissing his petition at Special Term, Ulster County. The writ of habeas corpus is not available under the facts of this case (*People ex. rel. Wachowicz* v. *Martin*, 293 N. Y. 361; *Matter of Morhous* v. *New York Supreme Ct.*, 293 N. Y. 131; *People ex rel. Harrison* v. *Jackson*, 298 N. Y. 219; Civ. Prac. Act, § 1231). Although relator's petition sets forth 16 prior applications to various judicial tribunals relating to his conviction and incarceration, there seems to be no merit whatever to any of his contentions. His chief complaints at present are: (1) that the Grand Jury which indicted him in May, 1955 was illegally drawn and illegally constituted so that the County Court of Onondaga County was without jurisdiction to commence any proceeding against him, and (2) that he was denied his right to challenge the Grand Jury or an individual grand juror. As to the first complaint, the record shows that the Grand Jury was properly drawn under the provisions of section 229-h of the Code of Criminal Procedure, as it existed in March of 1955. As to the second point the challenge to an individual grand juror must be made before the Grand Jury is sworn or in any event before the indictment is found. The relator herein was represented by counsel, of his own choosing, at all times in the proceeding. No motion was made to dismiss the indictment, no motion in arrest of judgment. There was no appeal from the judgment. No question was timely raised as to the validity of the indictment. No contention is made that any grand juror was disqualified and there is no showing of any possible prejudice therefrom. Order dismissing writ of habeas corpus affirmed, without costs. Appellant's objection to the reception of respondent's brief overruled and the brief is received. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.