■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN F. COSTELLO, Appellant, v. J. EDWIN LA VALLEE, as Warden of Clinton Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant.— Appeal from an order of the Supreme Court which denied an application for a writ of habeas corpus. Relator attacks as void the judgment of his conviction, rendered after trial, on the ground that he had previously been put in jeopardy by reason of the allegedly improper discharge of the jury upon a prior trial, a mistrial having been declared prior to submission of the case to the jury, upon motion of relator's attorney, in which the People joined. (Cf. Code Crim. Pro., § 428, subd. 3, as to discharge of the jury upon consent *after* submission.) Relator alleges that he was not present at the time. The order, having been made before submission of the case to the jury, was addressed to the court's sound discretion (*People ex rel. Brinkman* v. *Barr*, 248 N. Y. 126, 129; *People ex rel. Stabile* v. *Warden*, 202 N. Y. 138, 152), and the petition in this case discloses no ground upon which the court's action could be found arbitrary; and certainly no basis upon which habeas corpus may now be invoked after conviction as the result of the second trial, upon which the court had jurisdiction of relator and of the offense with which he was charged, and after relator's failure to raise the issue by objection or motion at that time or, upon denial thereof, by appeal from the judgment (cf. *People ex rel. Wachowicz* v. *Martin*, 293 N. Y. 361; *People ex rel. Scharff* v. *Frost*, 198 N. Y. 110, 115). "The test is not whether he has an available remedy now but rather whether corrective process was available before." (*People ex rel. Stevens* v. *Morhous*, 269 App. Div. 461, 463.) Order affirmed, without costs. Bergan, P. J., Coon, Gibson and Reynolds, JJ., concur; Herlihy, J., I concur on the ground that habeas corpus is not the proper remedy.