THE PEOPLE OF THE STATE OF NEW YORK ex rel. RODERICK E. GRACE, Relator, against WILLIAM C. MCCOLLOM, as Sheriff of Suffolk County, Defendant.

Supreme Court, Special Term, Suffolk County, October 9, 1950.

*Guy O. Walser* for relator.

*Lindsay R. Henry, District Attorney (Jacob Bendersky* of counsel), for defendant.

COLDEN, J. The relator, upon this writ of habeas corpus, alleges that he was unlawfully restrained and deprived of his liberty by the Justice's Court of the Town of Islip.

It appears that on May 12, 1950, an information was placed before that court in the form of an affidavit verified by one John Paul Graf. Such information resulted in the issuance of a summons directing the defendant, Roderick Earl Grace (here the relator), to appear and answer for a violation of subdivision 1 of section 82 of article 6 of the Vehicle and Traffic Law, failure to give right of way to a fire vehicle. He duly appeared before the court on May 15, 1950, pleaded not guilty and did not demand a trial by jury. He was thereupon released in the custody of his attorney for trial on June 2, 1950. The proceedings on this latter date give rise to this controversy.

In response to the court's inquiry the defendant answered ready, whereupon the District Attorney moved to amend the information. The information alleged a violation of subdivision

1 of section 82, and to this it was sought to add the words " and Section 82, Subdivision 6 ". The information charged that the defendant " knowingly did fail to give right of way to a fire vehicle when said fire vehicle was responding to an emergency fire and due warning was sounded by repeated blasts of fire vehicle siren. Defendant did fail to stop his car at intersecting roadway (intersection of Higby Lane and State Highway 27)." The District Attorney sought to add immediately following the averment, the words " and did impede or obstruct the progress of the apparatus of the Fire Department and did fail to draw his motor vehicle to the right hand curb and bring his vehicle to a standstill on the approach of fire apparatus as evidenced by suitable and continuous warning."

Over the defendant's objection, the motion to amend in these two respects was granted. Thereupon the District Attorney moved to adjourn the trial of the case for four weeks by reason of the illness of a certain Hugo Klaus said to be a material witness. Again, over the objection of the relator, the motion was granted and the case was adjourned to July 5, 1950. The defendant was continued in the custody of his counsel but was surrendered by the latter to the Sheriff of Suffolk County so that this writ of habeas corpus could issue.

The relator contends, first, that the court had no power to grant amendment of the information, and, secondly, that the proposed resumption of his trial at a date more than four weeks later is a violation of his constitutional rights. (N. Y. Const., art. I, § 6; Code Crim. Pro., § 9.)

Dealing with the contentions of the relator in inverse order, it is extremely doubtful that the proceedings in the Justice's Court on June 2, 1950, constituted a trial so as to sustain the relator's claim that a continuance thereof on the adjourned date would constitute double jeopardy. No witnesses were sworn nor was any testimony offered or exhibits submitted. After the defendant answered ready, the assistant district attorney made his motion to amend the information and then moved for an adjournment. Nothing else transpired on June 2, 1950, and nothing analogous to the selection and swearing of a jury at a trial by jury took place.

However, it is not necessary for the purposes of this decision to decide whether a valid criminal trial ever had its inception. Assuming *arguendo,* as the relator contends, that a trial was commenced on June 2, 1950, nothing more happened than that the Presiding Justice granted the People a continuance of the trial to July 5, 1950. This was completely within the discretion

of the trial court which was exercised to make available to the court the testimony of a witness which it believed to be material. There was no interruption of the trial, no termination of the proceedings, no mistrial declared. This does not constitute a double jeopardy. It is a single jeopardy to which the defendant in the criminal case has been subjected, but which has not as yet been terminated due to the postponement of the trial granted on June 2d, and its further delay by reason of this writ of habeas corpus. The court's ruling would therefore be a mere incident of the trial.

The relator claims in his first memorandum that a criminal trial cannot be adjourned for a lengthy period of time, such as four weeks, and cites *People* v. *McPherson* (74 Hun 336). An examination of this case discloses that there the trial of the defendant was commenced before one Judge and concluded the next day before another. Such a development cannot be here anticipated. The other cases cited by the relator likewise represent good law, when and where properly applied. They do not represent authority in the present situation.

Regarding the defendant's challenge to the right of the local Justice to permit amendment of the information, the court believes that this likewise must be overruled. The defendant's memorandum asserts that the information in this case is equivalent to the indictment in a felony case and that the rules governing the amendment of an indictment apply equally to the amendment of an information. With these assertions the court agrees.

Allowing the amendment was tantamount to inserting an additional count in the information. The applicable statute is section 295-j of the Code of Criminal Procedure.

" § 295-j. *When amendment allowed.*

" Upon the trial of an indictment, the court may, in its judgment, if the defendant cannot be thereby prejudiced in his defense on the merits, direct the indictment to be amended according to the proof, on such terms as to the postponement of the trial, to be had before the same or another jury, as the court may deem reasonable, by adding thereto new counts, where it is made to appear that the crimes to be charged therein relate to the transaction upon which the defendant stands indicted.

" The court may likewise, upon the same terms and under similar circumstances, direct the bill of particulars to be amended according to the proof, when a variance between the bill of particulars and the proof shall appear."

This does not mean that a new count could be added charging the defendant with an entirely different and distinct crime as this would be a violation of the defendant's constitutional rights. The court may not amend an indictment to include an accusation of criminal acts independent of those presented by the Grand Jury in the indictment. (*People* v. *Miles,* 289 N. Y. 360.)

The instant case, however, is particularly within the purview of section 295-j inasmuch as the proposed amendment is one of form rather than of substance and the additional allegations relate to, supplement and amplify those stated in the original information. There is no attempt to charge a completely independent crime as was done in the *Miles* case (*supra*).

Subdivision 1 of section 82 of the Vehicle and Traffic Law merely directs and identifies the vehicles which shall have right of way over other traffic and these include fire vehicles. Subdivision 6 of the same section, however, prescribes the particular manner in which such right of way is to be extended to the fire vehicle. It states, among other things, that on the approach of such fire vehicle the driver of another vehicle must immediately draw his car as near as possible to the right hand curb and parallel thereto and bring the same to a standstill until the fire vehicle is over five hundred feet ahead.

Adding the number of the additional subdivision of the Vehicle and Traffic Law was immaterial. (*People* v. *Resnick,* 21 N. Y. S. 2d 483.) In any event the objection as to the court's right to permit an amendment may not be raised by habeas corpus. If the proceedings on June 2, 1950, were a trial, as the relator so strenuously contends, then the granting or denial of a motion to amend the information was a mere ruling at or incident of the trial well within the court's jurisdictional power. If the court's ruling in granting the amendment was erroneous, such error of law may only be corrected on direct appeal from the judgment of conviction, if the trial ultimately results in such judgment of conviction. " Error there may be corrected by appeal, but the judgment entered upon an erroneous determination of a question of law by a court of competent jurisdiction is not a nullity, and may not be challenged by a writ of habeas corpus." (*People ex rel. Wachowicz* v. *Martin,* 293 N. Y. 361, 366.)

For the reasons above stated the writ of habeas corpus must be dismissed and the relator remanded. He may, however, be continued in the custody of his attorney until the resumption of the trial at the Justice's Court of the Town of Islip.