Wachtler, J. (dissenting).
I agree with the majority that the court’s instructions regarding the People’s obligation to establish guilt beyond a reasonable doubt were at least “ confusing ”, “ misleading ” and “ ineptly phrased ”. I do not agree that the error is not reviewable by this court because defense counsel failed to object or except to the charge. The general rule precluding our court from reviewing an error .unless an objection was voiced at trial, does not apply where we are called upon to ‘ ‘ review a deprivation of a fundamental constitutional right ”. (See, e.g., People v. McLucas, 15 N Y 2d 167,172; People v. Miles, 289 N. Y. 360, 363; People v. Bradner, 107 N. Y. 1, 5; Cancemi v. People, 18 N. Y. 128; see, also, Henry v. Mississippi, 379 U. S. 443.)
Few principles of criminal law are more fundamental than the prosecutor’s burden of proving guilt beyond a reasonable doubt. And “ [l] est there remain any doubt about the constitutional stature of the reasonable-doubt standard ” the Supreme Court has said, ‘‘ we explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.” (In re Winship, 397 U. S. 358, 364.)
In this case the error can not be said to be harmless, and the majority, quite appropriately, makes no effort to show that it was. The proof at this trial clearly placed the defendant at the scene, in the company of the two armed robbers. The only issue seriously contested was whether he knowingly assisted them in the commission of the crimes since his conduct was, *230 at best, ambiguous and as the majority notes, he specifically “ denied all knowledge of and participation in the * * * crimes.” The trial court confused this with an affirmative defense and in effect charged the jury that although the People had the burden of proving guilt beyond a reasonable doubt, the defendant was required to prove the truth of his denials.
This was fundamental error whether considered in the abstract or in the context of this particular case. I would reverse and grant a new trial.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones and Fuchsberg concur with Judge Cooke; Judge Wachtler dissents and votes to reverse in a separate opinion.
Order affirmed.